## PIERCE v FORTNER et

Ohio Appeals, 1st Dist, Butler Co.

No. 789. Decided April 25, 1940.

Walter S. Harlan, Hamilton, and Carl Teetar, Shandon, for appellant.

Shepherd & Congo, Hamilton, and Theador I. Weiss, Hamilton, for appellees.

## OPINION

By ROSS, J.

On February 17th, 1938, a jury in the Common Pleas Court of Butler County returned a verdict in favor of Mary A. Fortner in a proceeding brought by the director of highways to condemn her real property for highway purposes.

On May 24th, 1938, the court rendered judgment on the verdict, providing that the amount of the verdict when paid in by the state of Ohio should be to the "use of Mrs. Walter W. Fortner, David Pierce, Clement M. Boyle, Hamilton Lumber Company, Dealers' Finance Company, as their interest shall appear." There is no contest by the plaintiff in this action as to the liens herein mentioned.

On May 25th, 1938, the director of highways paid to the clerk of courts the amount of the verdict plus costs and interest.

Appellate proceedings were had which only resulted in the modification of the judgment to the extent of a small amount of interest, and otherwise it was affirmed.

On December 10th, 1938, The Lewis Cigar Company issued garnishment proceedings against the balance of the fund remaining to the credit of Mary A. Fortner.

On December 31st, 1938, the director of highways paid $125.00 additional interest to the clerk of courts.

On January 17th, 1939, The Moores-Coney Company issued an attachment against the fund.

On January 19th, 1939, Minnie Wagner issued similar attachment proceedings against the fund.

On January 31st, 1939, the court made an order of distribution allocating $812.50 to Harry J. Koehler, Jr., for attorney's fees, $2418.13 to David Pierce upon a mortgage lien, and reserved distribution as to other liens until a future date.

On January 31st, 1939, the plaintiff in this action, David Pierce, filed an action under §11760 GC, to subject the fund created by the judgment in the condemnation proceedings to a judgment which Pierce had obtained in the Common Pleas Court of Butler County.

Thus is presented a contest between Pierce and the garnisheeing creditors, Lewis Cigar Company, The Moores-Coney Company, and Minnie Wagner.

The plaintiff-appellant states in his brief:

"The controversy is between his claim and the following, who were creditors of Mrs. Fortner, whose name was formerly Mary Sheard,—namely, The Lewis Cigar Company which claims a lien on the money held by the clerk by reason of an attachment issued December 10, 1938, Moores-Coney Corporation in the sum of $437.71 by reason of an attachment issued January 17, 1939, and Minnie Wagner of $609.30 by reason of an attachment issued on the 19th day of January, 1939."

His position is that the funds in the hands of the clerk was "custodia legis", and not subject to attachment until the entry of the court, January 31st, 1939.

It becomes necessary to consider the language of the entries of May 24th and January 31st. In the first appears this language:

"It is therefore ordered, adjudged and decreed that said proceedings be and the same are hereby approved and confirmed and that John Jaster. Jr., Director of Highways of the State of Ohio, deposit in this court a sum, to-wit: Five Thousand and no/100 Dollars ($5,000.00), the amount of said verdict, to the use of Mrs. Walter W. Fortner

(Mary A. Sheard), David Pierce, Clement M. Boyle, Hamilton Lumber Company and The Dealers' Finance Company, as their interest shall appear, and that said Director of Highways also pay the costs herein, taxed at $———."

In the latter entry, the Court ordered:

"It is ordered by the court that partial distribution of said fund only be made and that the Clerk make distribution thereof as follows:

1. To Harry J. Koehler Jr., attorney for Mrs. Walter W. Fortner (Mary A. Sheard) the sum of $812.50.

2. To David Pierce by reason of his mortgage lien, the sum of $2418.13.

3. The balance of said fund remaining amounting to $1894.37 shall be paid to said Mrs. Walter W. Fortner (Mary A. Sheard) and others claiming a right to or interest therein as may be hereinafter determined by the Court:

And it is ordered that said Clerk hold said balance until such further order of the Court."

Now, certainly, if the order of May 24th, 1938, did not definitely order payment to Mary Fortner of any specific sum, the order of January 31st, 1939 did not do so.

We agree that the attachment proceedings of the various creditors noted were premature, in that no order of distribution had been made to the debtor, whose interest in the judgment was sought to be garnisheed and the court in the condemnation proceedings should have so found and ordered distribution to Mary Fortner on January 31st, 1939. The fact, however, is that it did not so find and it did **not** order distribution to Mary Fortner of any sum.

Plaintiff in the instant proceeding is in no better position for no order was made on January 31st, 1939, allocating the interest of Mary Fortner as distinct from claimants on the fund. In fact the interest of such claimants is specifically recognized and ascertainment thereof postponed to a future date. The fact that they had no interest is be-

side the point. The court had not previous to the filing of the creditor's bill by the plaintiff definitely set aside the interest of Mary A. Fortner and ordered the clerk to pay the same.

The Clerk was still holding the funds paid to him by the Director of Highways, pending the further order of the Court and it was therefore still custodia legis. **Orlopp v Schueller, Admr., etc. 72 Oh St 41; Remelim v Butterworth, et al 20 Oh Ap 356.**

While, undoubtedly, the fund, if any, definitely allocated by the court to a judgment debtor under the provisions of §11760 GC, are attached from the date summons is served in the action, such proceeding is unavailing to reach a fund which the court has not ordered the clerk to distribute to the judgment debtor.

A creditor's bill under §11760 GC, has no greater force in this respect than a garnishment proceeding properly instituted.

Counsel for plaintiff appellant at least impliedly admits that his proceeding under §11760 would have been premature if filed before January 31st, 1939. We are unable to see where the order made upon that day removed the funds of Mary Fortner from the continuing custody of the court.

In the final order and decree of the Court of Common Pleas in the instant case, which it will be remembered is a proceeding under §11760 GC, commonly styled a "creditor's bill", the court proceeds to distribute among several claimants the interest of Mary W. Fortner, which had never, and has never been ordered paid to her by the court and which is still in custodia legis. Certainly, some such order must be made in the original condemnation proceedings before the court could entertain prayer for distribution of such fund under a valid claim against it.

The entire order in the instant case, in fact the entire proceeding was without warrant in law and such judgment in the instant case is reversed, vacated and held for naught and the plaintiff's petition will be dismissed, there

being no funds in the hands of the clerk payable to Mary W. Fortner at the time the summons in the instant case was served.

The cause is still in the hands of the Court of Common Pleas in case No. 48959, being the condemnation proceedings in which the court has not, as far as the record before us shows, made any order of distribution to Mary Fortner.

HAMILTON, PJ., concurs.
MATTHEWS, J., not participating.