HAINES, APPELLEE, *v.* PUBLIC FINANCE CORP., APPELLANT, ET AL.

[Cite as Haines v. Public Finance Corp., 7 Ohio App. 2d 89.]

(No. 5728—Decided July 27, 1966.)

*Mr. Robert L. Culbertson,* for appellee.

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Duane Morris,* for appellant.

HUNSICKER, J. An appeal on questions of law has been lodged in this court from an order denying a final judgment to the Public Finance Corporation (appellant herein) notwithstanding the failure of the jury to agree upon a verdict.

An action was instituted by Ada Marie Haines (appellee here) against the Public Finance Corporation (hereinafter called Finance Company) claiming personal injury as a result of an invasion of the right of privacy. Testimony in chief was introduced to show that someone called her by telephone, giving the name of James Arnold, claiming to be an employee of the Finance Company, and asking her why she did not pay a debt owed to them. These calls, she claims, were very numerous and were made at all hours of the day and on every day of the week, except Sunday. Mrs. Haines said the continuous repetition of such calls caused her to become nervous, ill and unable to work. She also said she had, as a result of this conduct, filed a petition in bankruptcy.

At the conclusion of the plaintiff's case, counsel for the Finance Company made a motion for judgment claiming that Mrs. Haines had failed to show that whatever telephone calls she claimed to have received were made by a duly authorized agent of the Finance Company. After amendment of its answer, the Finance Company asked the court to dismiss the petition because, by reason of the filing of her bankruptcy petition, Mrs. Haines no longer could prosecute the action. The motion to dismiss the petition was overruled, and the Finance Company introduced its evidence wherein James Aiken, manager of the Finance Company, denied that a James Arnold ever was an employee of that company. There was evidence, by way of rebuttal, to show that James Aiken told the deputy sheriff who served the summons that James Arnold no longer worked for that company.

Counsel for Mrs. Haines also testified he called the Finance Company about the Haines debt, and talked to a man, who identified himself as James Arnold, about such a debt; and later called the Finance Company again to speak to Mr. Arnold and was told he was no longer employed there.

While the testimony on direct examination may have been insufficient to support a judgment, nevertheless, when a de-

fense was interposed by the examination of witnesses, along with the resultant rebuttal testimony, the full force of the rule set out in the case of *Halkias* v. *Wilkoff Co.*, 141 Ohio St. 139, came into being. Public Finance Corporation was not entitled to a judgment notwithstanding the failure of the jury to agree upon a verdict.

The next matter to which we direct our attention is whether Mrs. Haines, after a petition in bankruptcy was filed by her prior to the trial of this action, is the owner of the claim she asserted against the Finance Company. The appellant Finance Company says that under Section 70 of the Bankruptcy Act (Section 110, Title 11, U. S. Code), the trustee in bankruptcy is the only one who can prosecute the action to recover for the claimed injury Mrs. Haines says she sustained.

It is not necessary to set out verbatim herein Section 70 of the Bankruptcy Act. It is sufficient to point out that the Act vests in the trustee in bankruptcy all property of the bankrupt, including rights of action which, prior to the filing of the petition in bankruptcy, could, by any means, have been transferred, or which the bankrupt could have lost as a result of levy and sale by judicial process, or otherwise seized, provided however "that rights of action ex delicto for libel, slander, injuries to the person of the bankrupt * * * shall not vest in the trustee unless by the law of the state such rights of action are subject to *attachment, execution, garnishment, sequestration, or other judicial process.*" (Emphasis ours.)

Section 2715.01, Ohio Revised Code, says that "property" may be attached. Section 2715.05, Ohio Revised Code, says the order of attachment shall require the sheriff "* * * to attach the lands, tenements, goods, chattels, stocks or interest in stocks, rights, credits, money, and effects of the defendant * * *."

It has been held that the word "property" as set out in Section 2715.01 "is used in a very comprehensive sense." *Carty* v. *Fenstemaker*, 14 Ohio St. 457, at 461.

Chapter 2715, Ohio Revised Code, on Attachment, in all things speaks of taking and holding property as though, in all instances, it was physical property that was being taken. In 6 American Jurisprudence 2d, Attachment and Garnishment,

654, Section 132, it is said to be the general rule that unliquidated tort claims are not subject to attachment. See, also, 93 A. L. R. 1088 *et seq.*

We realize, as do the authors of the above texts, that each state has statutes which govern the subject of attachment. It is also well known that a chose in action was not a subject of attachment under the common law, since attachment itself is solely a creation of statutes. See: *Smith* v. *Buck*, 119 Ohio St. 101 at 109.

An examination of the statutes on attachment and garninshment indicates that the property referred to therein must be considered to be something other than a chose in action. The property need not be tangible or physical, but it must be such that it can be valued and appraised—something existing in such a way that it can be determined, as for example, the equity of redemption in mortgaged personal property.

While the claim of Mrs. Haines, for the alleged invasion of privacy, is a personal injury, it is not a debt, it is unliquidated, and it consists of a mere assertion of injury. Although we have here a claimed injury to the person of the bankrupt, the action for such claimed injury does not, because of the limitations of Section 70 of the Bankruptcy Act, vest in the trustee of the bankrupt.

We find no error prejudicial to the substantial rights of the appellant, and the judgment of the trial court must be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.