LAKESHORE MOTOR FREIGHT [COMPANY], APPELLEE, *v.* GLENWAY INDUSTRIES, [INC.,] APPELLANT.

(No. C-800282—Decided April 29, 1981.)

James W. Thompson Co., L.P.A., and *Mr. James W. Thompson,* for appellee.

*Messrs. Wood, Lamping, Slutz & Reckman* and *Mr. Dennis H. Heitz,* for appellant.

PALMER, J. On June 21, 1978, plaintiff-appellee, Lakeshore Motor Freight Company, obtained a default judgment in the Hamilton County Municipal Court against defendant-appellant, Glenway Industries, Inc., in the amount of $8,193.80, plus interest and costs. Thereafter, appellee was unable to execute upon the judgment and initiated a judgment debtor examination, in which it was discovered that appellant had no real or personal property to be applied to the judgment. The only asset belonging to appellant was a breach of contract claim then pending in the United States District Court for the Southern District of Ohio in the amount of two million dollars. On March 21, 1980, pursuant to R.C. 2333.21, the court issued an order for "Application of Property in Hands of Judgment Debtor" in favor of the plaintiff[1]; the relevant provisions of the order read as follows:

"ORDERED, that all right, title and interest in the aforesaid breach of contract action be and is hereby transferred to the Plaintiff;

"ORDERED, that any judgment rendered against the Defendant * * * shall be in favor of Plaintiff Lakeshore Motor Freight;

"ORDERED, that the said Plaintiff may, through counsel, prosecute the breach of contract claim, and may bring the matter to judgment by way of compromise, settlement, trial or in any other proper fashion; * * *."

---

[1] Jurisdiction for this order by the municipal court is predicated upon R.C. 1901.13(B) which permits the court to issue necessary orders in aid of execution of judgments "* * * for which authority is conferred upon the courts of common pleas * * *."

Subsequently, appellee filed a motion to intervene in the federal breach of contract action and appellant filed this timely appeal, asserting in a single assignment of error that the action of the trial court was improper.

Specifically, appellant asserts that where, as here, there is no allegation of fraud or other improper dilatory conduct in prosecuting the federal action, the trial court may not divest it of the right to conduct the litigation in federal court, notwithstanding the fact that the court could have ordered that the proceeds of any such action be made subject to execution on the judgment. It is appellant's position that in considering a creditor's bill, or any other remedy in aid of execution upon a judgment, the trial court does not have the authority to allow the judgment creditor to usurp prosecution of a chose in action belonging to the judgment debtor, but must instead limit any order to the debtor's equitable interest, *i.e.*, the potential proceeds, in any such action. For the reasons stated below, we agree.

In providing remedies for creditors in aid of execution against judgment debtors, R.C. 2333.21 provides:

"The judge may order any property of the judgment debtor or money due to him, not exempt by law in the hands either of himself or other person or of a corporation, to be applied toward the satisfaction of the judgment, * * *."

While this provision confers upon the court the power of ordering assets of the judgment debtor to be applied in satisfaction of a judgment, it does not define in any precise terms what sort of "property" may be made the subject of such orders. Most assuredly, tangible and intangible, real and personal property are subsumed within the term. See, *e.g.,* *Pierce* v. *Fortner* (1940), 64 Ohio App. 544 [18 O.O. 244]. But there remain assets, generally equitable in nature, which are not susceptible to execution under R.C. 2333.21, as in cases where the right of the debtor to dispose of the asset may not be vested or where the value of the asset may not admit of ready or accurate determination. See, *e.g., Hegler* v. *Grove* (1900), 63 Ohio St. 404. In such cases, the court may subject the asset to a creditor's bill under R.C. 2333.01, which provides:

"When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has * * * in a money contract, claim, or chose in action, due or to become due to him, * * * shall be subject to the payment of the judgment by action."

As a prefatory matter, we note that an action in the nature of a creditor's suit under R.C. 2333.01 is wholly equitable in nature and, as such, permits the judgment creditor to reach equitable assets which, by reason of encumbrances thereon or uncertainties respecting title or valuation, cannot be effectively subjected under the ordinary legal process of execution by way of judgment liens, attachment or garnishment. *Union Properties* v. *Patterson* (1944), 143 Ohio St. 192 [28 O.O. 111]; *Dunbar* v. *Harrison* (1868), 18 Ohio St. 24; *Terry* v. *Claypool* (1945), 77 Ohio App. 87 [32 O.O. 353]. In the instant case, appellee argues, and the trial court obviously agreed, that appellant's "equitable interest" in the chose in action *includes the right to prosecute the federal suit* for money damages flowing from an alleged breach of contract, as well as the concededly vulnerable proceeds, if any, of the suit, and that such interest may be subjected to levy and divestiture.

Although neither party has directed us to any controlling precedent in this matter, sufficiently analogous situations have presented themselves which lend some guidance to the underlying theory of actions in the nature of creditor's suits and are helpful to our disposition of the instant cause. For example, in *Cincinnati* v. *Hafer* (1892), 49 Ohio St. 60, the Supreme Court held that a creditor's suit for an equitable lien will lie against unliquidated damages alleged to have been suf-

fered due to an injury to the judgment debtor's land. In so holding, the *Hafer* court reasoned that if the claim for unliquidated damages is converted into a judgment for the debtor while the creditor's bill is pending, it may be regarded as a claim "to become due" within the meaning of the statute, and the debtor's equitable interest therein may be reached by his judgment creditor. *Id.*, at 67-68. The *Hafer* court, however, did not have occasion to substitute the creditor for the debtor in the tort action, but permitted the debtor the liberty of prosecuting the action, subjecting only the proceeds realized from the action to the creditor's bill. See, also, *In re Borchers* (S.D.E.D. Ohio 1968), 17 Ohio Misc. 146 [46 O.O.2d 217]. Similarly, and perhaps more to the point, in *Haines* v. *Public Finance Corp.* (1966), 7 Ohio App. 2d 89, 92 [36 O.O.2d 198], the court ruled that while the expected proceeds of a debtor's personal injury action was "property" within the Bankruptcy Act and could therefore be controlled by the trustee, prosecution of the chose in action itself was not property which could be assumed by the trustee. The *Haines* court reasoned that since the equitable relief against a debtor's chose in action consisted of an attack upon the debtor's mere assertion of injury and not a debt clearly owing to the debtor, the right to prosecute the suit may not fairly vest in the trustee. See, also, *In re Schmelzer* (C.A. 6, 1973), 480 F.2d 1074 [72 O.O.2d 185]. This principle has equal weight in creditor's suits. Cf. *Geiselman* v. *Wise* (1940), 137 Ohio St. 93 [17 O.O. 430]; *Alms & Doepke Co.* v. *Johnson* (1954), 98 Ohio App. 78 [57 O.O. 177]; *Central Trust Co.* v. *Gilardi* (Hamilton C.P. 1962), [31 O.O.2d 183] 186 N.E.2d 771.

On the facts of the instant case, we accept the position taken in *Hafer* and *Haines* that while the anticipated proceeds of a judgment debtor's chose in action may fairly be subjected to an equitable lien, since such property represents a claim "to become due" under R.C. 2333.01, *the right to prosecute the suit* should not be subjected to the same encumbrance. In this case, the trial court ordered that the creditor be substituted for the debtor as the party in interest and that any proceeds be awarded to the creditor; moreover, the court granted the creditor the exclusive right to control and dispose of the claim by trial, compromise or settlement. Among other problems raised by such procedures, it is clearly inequitable to permit a creditor who is owed the relatively minor sum of $8,193.80 to prosecute a suit of the debtor for two million dollars, especially where, as here, there is no allegation that the debtor has failed to prosecute faithfully its chose in action.[2] It is, to the contrary, far more equitable to permit the debtor to pursue its action and obtain judgment, subject to the creditor's bill in an amount equal to the debt owed the judgment creditor. To do otherwise would permit, among other things, the creditor to control an asset of the debtor far in excess of the creditor's interest, essentially subverting the equitable designs of R.C. 2333.01.

For these reasons, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter judgment granting appellee an equitable lien in the amount of $8,193.80, plus interest and costs, against any judgment, and the proceeds thereof, entered in appellant's favor arising from the aforesaid breach of contract action in the United States District Court for the

---

[2] One may note, in passing, the existing statutory remedy available to judgment creditors confronted with faithless or fraudulent debtors, R.C. 2333.22, which permits a court, exercising its equitable powers, to appoint a receiver of the debtor's property who may then assume the burden of prosecuting the debtor's chose in action. See *George D. Harter Bank* v. *McKinley Lumber Co.* (1940), 136 Ohio St. 465.

Southern District of Ohio in which defendant-appellant herein (Glenway Industries, Inc.) is the plaintiff-claimant.

*Judgment accordingly.*

SHANNON, P.J., and DOAN, J., concur.