This is an appeal from the Geauga County Court of Common Pleas. Appellant, Kim R. Rushworth, appeals the trial court's decision to enter judgment in favor of Kristine Henry Rosie ("Kristine Rosie"), and dismiss the action as to Albert M. Rosie ("Albert Rosie").
On December 19, 1997, appellant filed a creditor's bill against Albert and Kristine Rosie based on a judgment he received against Albert Rosie in the amount of $5,361 in the Chardon Municipal Court. On February 19, 1998, Kristine Rosie filed an answer to appellant's complaint and a motion to dismiss. Appellant replied to Kristine Rosie's motion to dismiss on March 10, 1998. On March 17, 1998, the trial court overruled the motion to dismiss. On April 1, 1998, Kristine Rosie filed another motion to dismiss the complaint, which was also overruled. The creditor's bill was submitted to the trial court by written briefs.
The following facts are largely adduced from the parties' briefs. Albert and Kristine Rosie were married on September 7, 1966 and divorced on March 25, 1996. Appellant represented Albert Rosie during the divorce proceedings. On March 25, 1996, Albert and Kristine Rosie's divorce decree ordered that the marital residence be placed on the market and sold, and the proceeds be divided equally between them. Further, pursuant to the divorce decree Albert Rosie was ordered to pay fifty percent of his interest in the Police and Fireman's Disability Pension Fund ("PFDPF") to Kristine Rosie. Albert Rosie failed to comply with the court order.
Albert Rosie did not pay appellant's attorney fees. Therefore, on November 4, 1997, appellant received a judgment against Albert Rosie from the Chardon Municipal Court in the amount of $5,361. A certificate of judgment lien was filed against Albert Rosie on November 14, 1997.
Appellant proceeded to file a creditor's bill pursuant to R.C.2333.01 on December 19, 1997, seeking declaration of his interest in the marital residence. Appellant sought to enforce the judgment from the real property titled in the name of Kristine Rosie since the divorce decree ordered that the property be sold and that the proceeds be divided equally between Albert and Kristine Rosie. Thereafter, Kristine Rosie filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) to vacate portions of the original divorce decree which no longer proved equitable. The Geauga County Court of Common Pleas issued a judgment entry on May 12, 1998, ordering Albert Rosie to quitclaim his interest in the marital residence to Kristine Rosie. On that same date, the trial court also granted Kristine Rosie's motion for relief from judgment as the original divorce decree was no longer equitable.
In her brief, Kristine Rosie argued that the court's decision defeats Albert Rosie's claim against the real property, and therefore, eliminated any claim appellant may have had based on Albert Rosie's equitable interest in the marital residence. She further asserted that appellant may have a right to the profits resulting from the sale of the real property, but appellant may not claim any interest until the equity is sold. Appellant contended that since his lien was perfected because he filed the action prior to the granting of Kristine Rosie's relief from judgment, he had a valid lien against the property.
In a judgment entry dated September 1, 1998, the trial court indicated that appellant's complaint did not allege from the outset that Albert Rosie did not have sufficient personal or real property to satisfy the judgment. The trial judge ordered that appellant's creditor's bill be dismissed. The trial court also advised appellant that the complaint against Albert Rosie would be dismissed unless appellant procured service on him by September 14, 1998. Further, the trial court decided that appellant's complaint against Kristine Rosie was without merit, and thus, entered judgment in favor of Kristine Rosie. Subsequently, on September 15, 1998, the trial court dismissed the complaint against Albert Rosie without prejudice, since service had not been made upon him. On December 10, 1998, Kristine Rosie filed a motion to dismiss the appeal and/or strike appellant's assignments of error with this court, which was overruled. Appellant timely filed a notice of appeal, and asserts the following as error:
 "[1.] The trial court erred when it failed to find that appellee Albert Rosie had an equitable interest in the real property that was subject to appellant's creditor's bill and the equitable lien.
 "[2.] The trial court erred when it failed to find that [the] divorce court's entry of May 12, 1998 was void because that court did lacked [sic] subject matter jurisdiction to modify a property settlement that is part of a final divorce decree."
In the first assignment of error, appellant contends that the trial court erred by failing to find the Albert Rosie possessed an equitable interest in the real property that was subject to the creditor's bill. In Ohio, an action for a creditor's bill is governed by R.C. 2333.01, which provides that:
 "[w]hen a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, * * * or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."
A prerequisite to obtaining proceeds pursuant to R.C. 2333.01
is a showing that the judgment debtor does not have sufficient personal or real property subject to levy or execution to satisfy the judgment. Hence, we must decide whether a complaint that fails to state that a judgment debtor has insufficient personal or real property subject to levy or execution to satisfy the judgment, or reference to R.C. 2333.01 is adequate to secure a lien on proceeds owed to the judgment debtor.
Initially, we note that an action for a creditor's bill under R.C. 2333.01 is equitable in nature. Gaib v. Gaib (1983),14 Ohio App.3d 97, 99. It is appropriately brought when a judgment debtor has insufficient real or personal property to levy on to satisfy the judgment. Lakeshore Motor Freight v. Glenway Industries
(1981), 2 Ohio App.3d 8, 9. Thus, in a complaint for a creditor's bill, the complainant must aver generally that the judgment debtor did not have sufficient personal or real property subject to levy on execution to satisfy the judgment. Bomberger v. Turner (1862),13 Ohio St. 263, 270-271; Huston Assoc., Inc. v. VWV, Inc. (Dec. 18, 1992), Lake App. No. 92-L-050, unreported, at 5-6.
In the case sub judice, appellant had to satisfy the requirement of R.C. 2333.01 that Albert Rosie did not have sufficient real or personal property subject to levy on execution to satisfy the judgment. The trial court stated in its September 1, 1998 judgment entry:
 "* * * [appellant's] complaint does not allege that [Albert Rosie] does not have sufficient personal or real property subject to levy on execution to satisfy [appellant's] judgment against him. [Appellant's] complaint states that [Albert Rosie] has a one-half interest in the subject real property which cannot be reached by execution or any means available to [appellant], but such allegation is not equivalent to stating that the judgment debtor does not have sufficient real or personal property subject to levy on execution. Although it appears that [appellant's] complaint may not have stated the requisite elements, this matter will not be decided on that basis."
Appellant's complaint failed to mention that Albert Rosie did not have sufficient real or personal property to satisfy the judgment. He did file an affidavit with his reply brief on August 31, 1998. The affidavit stated that through his representation of Albert Rosie, he learned that the only assets in Albert Rosie's possession was a parcel of land, his pension fund, and the martial residence. Incidentally, the March 25, 1996 divorce decree clearly stated that Albert Rosie had an interest in one-half of the proceeds from the sale of the marital residence. Therefore, Albert Rosie had an equitable interest in one-half of the proceeds and not in one-half of the real estate. Despite appellant's affidavit as to the assets owned by Albert Rosie, appellant offered no other statements regarding any efforts he made to locate these or any other assets of Albert Rosie that would have been subject to levy on execution.
Likewise, Kristine Rosie owned the marital residence since the title of the home was solely in her name. Albert Rosie merely possessed an interest in the proceeds from the sale of the property. The trial court ordered Kristine Rosie to sell the house and if she failed to do so, Albert Rosie could request that she be removed from the property so that he be given an opportunity to effectuate the sale of the home. However, the record that Albert Rosie made no such request. Additionally, Albert Rosie had PFDPF monies that were due and owing to Kristine Rosie pursuant to the terms of the divorce decree. Thus, any interest Albert Rosie had in the marital residence would be offset by the funds that he owed to Kristine Rosie from the pension fund.
Assuming arguendo that the August 31, 1998 affidavit satisfies the requirements of R.C. 2333.01, we must next determine whether appellant secured a lien. By filing a creditor's bill, appellant did not secure a lien on the assets of Albert Rosie which he attached. This court has determined that a lien is not accomplished by filing a creditor's bill action, but rather, a lien is attained once service of the complaint is accomplished. See Huston Assoc., Inc., supra, unreported, at 5, fn. 1, citing Lake Cty. Natl. Bank of Painesvillev. Amco Industries, Inc. (May 21, 1979), Lake App. No. 7-042, unreported. Since appellant failed to serve the complaint for the creditor's bill upon Albert Rosie, he never obtained a lien. Furthermore, we agree with the trial court's reasoning in its September 1, 1998 judgment entry that:
 "* * * [s]ince the real property was not sold and since [Albert Rosie] did not seek to force the sale, there were no proceeds from the sale in existence at the time the motion for relief from judgment was granted.
 "The interest that [Albert Rosie] had in future proceeds from the sale of the real property was an equitable interest. Were [Albert Rosie's] interest in the proceeds a legal interest and the proceeds actually existed, [appellant] could execute against that personal property. However, because the Court [sic] created an equitable interest in the proceeds of sale and the sale had not yet occurred, it could also divest [Albert Rosie] of such an equitable interest because of his inequitable conduct. * * *"
Accordingly, we conclude that the trial court did not err in its determination that Albert Rosie had an equitable interest in one-half of the proceeds from the sale of the real property, and not in the real property itself. Thus, appellant may not attach Albert Rosie's interest until the proceeds from the sale of the real estate are received. Appellant's first assignment of error lacks merit.
In the second assignment of error, appellant asserts that the trial court erred when it neglected to find that the May 12, 1998 entry was void as the court lacked subject matter jurisdiction to modify the property settlement that was part of the final divorce decree. Since appellant was not a party to the action that resulted in the divorce court's May 12, 1998 ruling, we conclude that appellant's assertion is without merit. Further, appellant raised this issue for the first time on appeal. Generally, errors not raised in the trial court are waived and not considered by a reviewing court. See State ex rel. Quarto Mining Co. v. Foreman
(1997), 79 Ohio St.3d 78, 81.
Assuming appellant had standing to challenge the issuance of the May 12, 1998 order and had raised the error below, appellant's argument is still without merit. This court has stated, "* * * the trial court's jurisdiction to modify a distribution of property is terminated when the divorce decree is final. In a divorce proceeding, a divorce decree which leaves issues unresolved is not a final order."Hughes v. Hughes (May 9, 1997), Portage App. No. 96-P-0196, unreported, at 7. In the instant matter, the March 25, 1996 decree required Kristine Rosie to sell the marital residence and split the proceeds with Albert Rosie. Accordingly, the value of the proceeds still had to be determined. That provision left an unresolved issue in the case, which prevented the March 25, 1996 judgment entry from achieving finality. Hence, appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit and the judgment of the Geauga County Court of Common Pleas is affirmed.
 _____________________________________ JUDGE JOSEPH E. O'NEILL, Ret., Seventh Appellate District, sitting by assignment.
CHRISTLEY, P.J., O'NEILL, J., (WILLIAM M.), concur.