OPINION
This is an accelerated appeal from the Lake County Court of Common Pleas. Appellants, Paul and Eleanor Wheaton, appeal the trial court's dismissal of their suit for failure to state a cause of action.
On June 1, 1996, appellants obtained a judgment in the amount of $58,760.47 against Bless-U Corporation ("Bless-U"), an Ohio corporation, which has not been satisfied. On November 18, 1998, appellants filed a complaint for a creditor's bill, pursuant to R.C. 2333.01, against Lee Road Development Limited Liability Company ("Lee Road"), and Raimon A. Prince, appellees. In their complaint, appellants alleged: they recovered a judgment in the amount of $58,760.47 plus interest at a rate of seven percent per annum, commencing on June 1, 1996; Bless-U is insolvent and has no property upon which to levy an execution; on June 24, 1996, Raimon A. Prince, personally and as the manager of Lee Road, signed a $60,000 promissory note in favor of Bless-U; and, the promissory note was due and unpaid. A copy of the promissory note was attached to appellants' complaint. Payments on principal and interest, in the amount of eight and one-half percent per annum, were due on the first of each month commencing August 1, 1996. Appellants alleged that this promissory note was Bless-U's sole asset.
On December 16, 1998, appellees filed an answer which included affirmative defenses. On December 13, 1999, appellees filed a motion to dismiss appellants' complaint for failure to state a claim upon which relief could be granted, pursuant to Civ.R. 12 (B)(6). On April 20, 2000, the court granted appellees' motion to dismiss. From this judgment, appellants assign the following error:
 "[1.] The trial court erred in granting defendant-appellees Lee Road Development Limited Liability Corp. [sic] and Raimon A. Prince's Motion to Dismiss."
 In their assignment of error, appellants contend that the promissory note, entered into between appellees and Bless-U, is a proper asset for a creditor's bill. Appellees are judgment debtors of Bless-U. Appellants argue that appellees have not paid the promissory note and, thus, it is a chose in action which has "become due" to Bless — U. As such, appellants brought an action for a creditor's bill, pursuant to R.C. 2333.01, to obtain the funds appellees owe Bless-U. Appellees argue that Ohio law prohibits appellants from prosecuting a cause of action which their judgment debtor, Bless-U, has not yet initiated. Lakeshore Motor Freight Co. v. Glenway Industries, Inc., (1981), 2 Ohio App.3d 8.
Appellees and Bless-U are the only parties to the promissory note. Bless-U has the sole right to bring an action for breach of contract demanding that appellees make payment on the promissory note. Bless-U has not initiated suit against appellees. Additionally, the record is devoid of evidence of an assignment of the promissory note from Bless-U to appellants.
R.C. 2333.01 provides that:
 "[w]hen a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, * * * or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."
 "The action by creditor's bill is one in equity, by which a judgment creditor seeks to subject to the payment of his existing judgment an interest of the judgment debtor that cannot be reached on execution." Union Properties, Inc. v. Patterson (1944), 143 Ohio St. 192, 195. A creditor's suit, under R.C. 2333.01, allows a judgment creditor to reach equitable assets which are not susceptible to execution by way of judgment liens, attachment, or garnishment. Lakeshore Motor, 2 Ohio App.3d at 9, citing Union Properties; Dunbar v. Harrison (1868), 18 Ohio St. 24; Terry v. Claypool (1945), 77 Ohio App. 87. A creditor's action may be used to attach a debtor's chose in action "due or to become due."
At issue in the instant case is whether appellees' overdue promissory note is a chose in action which is "due or to become due" to Bless-U, appellants' judgment debtor; i.e. whether a judgment creditor's equitable interest includes the potential proceeds from a cause of action not yet filed by the judgment debtor. Thus, resolution of the case sub judice
lies in the interpretation of the phrase "due or to become due."The Supreme Court of Ohio addressed this issue in Cincinnati v. Hafer
(1892), 49 Ohio St. 60. In Hafer, the court held that a creditor's suit for an equitable lien may be brought after the judgment debtor has commenced an action for unliquidated damages arising out of injury to the debtor's real estate and the judgment debtor's demand is reduced to judgment during the pendency of the creditor's bill. Id. at syllabus. In reaching this holding, the court reasoned: "[i]f the claim for unliquidated damages is converted into a judgment while the creditor's bill is pending, it may be regarded as a claim, which, at the time of the filing of the creditor's bill to subject it in equity, was a claim `to become due,' within the meaning of the statute; and the judgment debtor's interest in the same might be reached by his judgment creditor." Id. at 68. The court's holding in Hafer was adopted in Lakeshore Motor. InLakeshore, the appellee obtained a judgment against the appellant, which had not been paid. The appellant's sole asset was a breach of contract claim which had been filed and was awaiting resolution in the United States District Court for the Southern District of Ohio. The trial court ordered that the right, title, and interest in the breach of contract action be transferred to appellee. Upon appeal, the First District Court of Appeals reversed stating that: "while the anticipated proceeds of a judgment debtor's chose in action may fairly be subjected to an equitable lien, since such property represents a claim `to become due' under R.C.2333.01, the right to prosecute the suit should not be subjected to the same encumbrance." (Emphasis sic.) Lakeshore Freight at 10. "In considering a creditor's bill, or any other remedy in aid of execution upon a judgment, the trial court does not have the authority to allow the judgment creditor to usurp prosecution of a chose in action belonging to the judgment debtor, but must instead limit any order to the debtor's equitable interest, i.e., the potential proceeds, in any such action."Id. at paragraph three of the syllabus.
In Peoples Banking Company, the Fifth District determined that the phrase "due or to become due" does not "include a potential chose in action that has neither been asserted nor commenced by the debtor."Peoples Banking Co. of Martins Ferry v. Monroe (Dec. 23, 1987), Guernsey App. No. 87-CA-15, unreported, 1987 WL 33016, at 2. "[T]he phrase `due or to become due,' in terms of a debtor's chose in action, refers to the debtor's chose in action having resulted in either a judgment (due) or having been filed by the debtor, his anticipated proceeds (or to become due). In other words, the claim must he `due or to become due,' as just stated, before it can be `subjected to' any judgment creditor's action."Id.
We agree with the analysis of the First and Fifth Districts and determine that a chose in action, which has not yet been filed by the judgment debtor, does not fall within the purview of R.C. 2333.01; i.e., a potential chose in action is not a claim "due or to become due." Once the judgment debtor, Bless-U, has filed suit on a chose in action against appellees, appellants may file an equitable lien on Bless-U's anticipated proceeds. See Lakeshore, 2 Ohio App.3d at 8. Appellants' assignment of error is without merit; the trial court did not err in dismissing appellants' claim.
 ___________________________________ JUDGE ROBERT A. NADER
FORD, P.J., concurs, CHRISTLEY, J., dissents with dissenting opinion.