I respectfully dissent from the majority's judgment and opinion for the following reasons.
First, the majority holds that "a chose in action which has not yet been filed by the judgment debtor, does not fall within the purview of R.C. 2333.01; i.e., a potential chose in action is not a claim `due or to become due.'" In other words, the majority believes that simply because Bless-U has not yet demanded payment or filed suit against appellees to recover on the promissory note, the note is not a chose in action, but rather is only a "potential chose in action." Based on this assumption, the majority then concludes that a "potential chose in action" is not a claim "due or to become due" under R.C. 2333.01.
Nowhere in any of the cases cited in the majority's opinion is there a statement that a promissory note is only a "potential chose in action" until the person or entity holding the note files suit to enforce it. In fact, such a statement would be incorrect because the Supreme Court of Ohio has expressly held that a promissory note is unequivocally a chose in action. See, e.g., Edgar v. Haines (1923), 109 Ohio St. 159, paragraph one of the syllabus (holding that "[w]here a promissory note is made payable to the order of two payees, who are not partners, and neither payee has authority to transfer the interest of the other, an assignment by one payee of his part interest in the note to a third party takes away the negotiable character of the instrument and renders it a nonnegotiable chose in action."); Hubbard v. Brush (1899), 61 Ohio St. 252, paragraph two of the syllabus (holding that "[c]hoses in action, whether book accounts, promissory notes, or the like, of foreign corporations that are kept in this state and rise out of the corporate business transacted here, are subject to taxation under the provisions of section 2744, Revised Statutes."). Thus, a promissory note is a chose in action, whether or not a cause of action has been filed to recover under its terms.
However, I agree with the majority's conclusion that Bless-U has the sole right to demand payment and/or file suit against appellees on the promissory note. R.C. 2333.01 does not give a judgment creditor the right to take the place of a judgment debtor to prosecute a cause of action.Lakeshore Motor Freight Co. v. Glenway Industries, Inc. (1981),2 Ohio App.3d 8, 10.
Despite the fact that a judgment creditor may not usurp the prosecution or assertion of a chose in action belonging to a judgment debtor, R.C.2333.01 clearly allows the anticipated proceeds from the chose in action to be subjected to an equitable lien. Lakeshore at 10. This is necessarily so because the chose in action "represents a claim `to become due' under R.C. 2333.01[.]" Lakeshore at 10.
While the majority seems to accept this reasoning, it then concludes that if the judgment debtor has yet to file suit or receive a judgment on its promissory note, the judgment creditor is not entitled to a lien on the potential proceeds. I can see no reason to make this distinction because a promissory note is a chose in action, even if the person holding the note has yet to move to enforce it. Edgar, supra; Hubbard,supra.Moreover, one of the cases relied upon by the majority, Lakeshore, supports this result. As was discussed above, the court in Lakeshore
held that a judgment creditor cannot be substituted in a cause of action for a judgment debtor. However, the court explicitly stated that the anticipated proceeds from the chose of action may be subjected to an equitable lien.
Based on the foregoing analysis, I would hold that appellants have the right to seek a lien on Bless-U's equitable interest in the promissory note issued by appellees. Although appellants may not use this specific procedure to force Bless-U to initiate a demand or file a cause of action against appellees, either to enforce the promissory note, to endorse the note, or otherwise bring their own claim, they are entitled, under R.C.2333.01, to a lien on the potential proceeds from any demands or suit to execute on the note. As a result, because the trial court erred in dismissing appellant's case, I respectfully dissent.