[Cite as *Sullivans, Inc. v. Haehn*, 2014-Ohio-399.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 100150

---

# SULLIVANS, INC.

### PLAINTIFF-APPELLANT

vs.

# GREGORY A. HAEHN, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-761463

**BEFORE:** Keough, J., Jones, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEYS FOR APPELLANT**

Jeffrey P. Posner
Jeffrey P. Posner, L.L.C.
3393 Norwood Road
Shaker Heights, Ohio 44122


**ATTORNEYS FOR APPELLEES**

Thomas C. Pavlik
Novak, Pavlik
Skylight Office Tower
1660 West 2nd Street, Suite 950
Cleveland, Ohio 44114

Scott J. Orille
Susan White
Kahn & Kruse Co., L.P.A.
Galleria & Towers at Erieview
1301 East Ninth Street, Suite 2200
Cleveland, Ohio 44114

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} In 2011, plaintiff-appellant, Sullivans, Inc., obtained in the Commonwealth of Massachusetts a default judgment against Chicago Cycles, Inc., Gregory Haehn, and Russell Haehn in the amount of $84,534.24. After filing the judgment in Ohio, appellant filed the within action in an attempt to collect on the judgment, naming as defendants Gregory Haehn ("Haehn") and non-debtors Yukon International, Inc. and Rory Haehn. The lawsuit sought to recover through a creditor's bill action pursuant to R.C. 2333.01 amounts allegedly due to Haehn from Yukon pursuant to the terms of a written promissory note.

{¶3} To recover its judgment against Haehn, appellant requested (1) an order requiring any payments made under the promissory note to be tendered to appellant instead of Haehn, and (2) that it be allowed to accelerate the amounts due and owing under the promissory note and bring a civil lawsuit to collect these amounts allegedly due and owing under the promissory note.

{¶4} The parties did not dispute that appellant had a valid claim to a creditor's bill. However, Yukon, Haehn, and Rory Haehn disagreed with appellant's request to stand

in the shoes of Haehn in initiating any collection efforts under the promissory note.

{¶5} During the course of the proceedings, the trial court denied appellant's first request to appoint a receiver to take possession of the promissory note, accelerate its terms, and file suit to collect.

{¶6} After multiple and opposing motions for summary judgment were filed, the trial court entered a final judgment granting appellant's motion for summary judgment, finding that appellant was entitled to a creditor's bill insofar as any payments actually made under the promissory note were required to be made to appellant instead of Haehn. However, the trial court denied appellant's motion for summary judgment and granted summary judgment in favor of Yukon on the issue of appellant's right to "stand in the shoes" of Heahn for the purposes accelerating the terms of the note and collecting on the note.

{¶7} Following the trial court's judgment, appellant filed a second motion for the appointment of a receiver. Again, the motion requested that a receiver be appointed to accelerate the promissory note and sue to recover the amounts allegedly due and owing under the note. After a full evidentiary hearing on appellant's motion, the trial court again denied appellant's request for the appointment of a receiver. Appellant appeals from this order, raising two assignments of error for review.

{¶8} Appellant contends in its first assignment of error that the trial court erred "to their prejudice by finding his post-judgment motion to appoint a receiver as involved a drastic, harsh, and extraordinary remedy and applying a requirement that the appellant

prove its case by clear and convincing evidence." Appellant argues that because the appointment of a receiver in this case was for a "simple, singular, and post-judgment" purpose, the requisite degree of proof is preponderance of the evidence.

{¶9} Appellant further contends in its second assignment of error that because the trial court did not apply the requisite degree of proof, its denial of appointment of receiver was an abuse of discretion. These two assignments of error will be addressed together.

{¶10} This court has repeatedly held that the appointment of a receiver is governed by the clear and convincing standard. *See, e.g. 2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995. "Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights." *Id*. at ¶ 14, citing *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc*., 83 Ohio App.3d 643, 615 N.E.2d 662 (8th Dist.1992).

{¶11} Our review of the case law demonstrates that this standard has been consistently applied to all matters where a receiver has been requested, and no distinction has been made by this court regarding the duties or purposes under which a receiver is to be appointed. Accordingly, we reject appellant's argument that the degree of proof was preponderance of the evidence.

{¶12} Appellant summarily states that even if the court did apply the correct standard, it still abused its discretion "under the circumstances of this case" because the

judgment debtor, Haehn, is failing to collect on the note. The decision to appoint a receiver is within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991).

**{¶13}** Appellant's purpose for requesting the appointment of the receiver is for the receiver to initiate a lawsuit against third-party Yukon for payments allegedly owed under the promissory note to the judgment-debtor, Haehn.

**{¶14}** In *Lakeshore Motor Freight v. Glenway Industries, Inc.*, 2 Ohio App.3d 8, 440 N.E.2d 567 (1st Dist.1981), paragraph three of the syllabus, the court held,

> [i]n considering a creditor's bill, *or any other remedy in aid of execution upon a judgment*, the trial court does not have the authority to allow the judgment creditor to usurp prosecution of a chose in action belonging to the judgment debtor, but must instead limit any order to the debtor's equitable interest, i.e., the potential proceeds, in any such action." (Emphasis added.)

*See also Wheaton v. Lee Rd. Dev. Ltd. Liab. Co.*, 11th Dist. Lake No. 2000-L-075 (Aug. 10, 2001) (proceeds from judgment debtor's chose in action is subject to attachment or encumbrance by way of a creditor's bill; however, the right to prosecute the chose-in-action is not subject to attachment or encumbrance).

**{¶15}** Accordingly, the trial court did not abuse its discretion when it denied judgment-creditor appellant's motion to appoint a receiver to "stand in the shoes" of judgment-debtor Haehn, for the sole purpose of initiating an action against third-party Yukon for payments owed under the promissory note to Haehn. Appellant's assignments of error are overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
SEAN C. GALLAGHER, J., CONCUR