[Cite as *Luck v. Klayman*, 2017-Ohio-8231.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105239**

## STEPHANIE ANN LUCK

PLAINTIFF-APPELLEE

vs.

## LARRY ELLIOT KLAYMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-828766

**BEFORE:** McCormack, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 19, 2017

**FOR APPELLANT**

Larry Klayman, pro se
2020 Pennsylvania Ave., N.W. #800
Washington, D.C.    20006


**ATTORNEYS FOR APPELLEE**

Robert B. Weltman
David S. Brown
Jack W. Hinneberg
Weltman Weinberg & Reis Co., L.P.A.
323 Lakeside Avenue, Ste. 200
Cleveland, OH 44113


**ALSO LISTED**

**For Judicial Watch Inc.**

Thomas J. Wilson
Comstock Springer & Wilson Co. L.P.A.
100 Federal Plaza East, Ste. 926
Youngstown, OH 44503-1811

TIM McCORMACK, P.J.:

{¶1} In this creditor's bill action, defendant-appellant Larry Klayman appeals from the decision of the trial court granting summary judgment for plaintiff-appellee Stephanie Luck. For the reasons that follow, we affirm.

## Procedural and Substantive History

{¶2} Klayman and Luck were married and had two children together. Upon their divorce in 2003, the two entered into a separation agreement. A case was initiated in the Cuyahoga County Domestic Relations Court that ultimately resulted in a judgment in favor of Luck for $325,500 in 2011. This court upheld that judgment on appeal. *Klayman v. Luck*, 8th Dist. Cuyahoga Nos. 97074 and 97075, 2012-Ohio-3354. This 2011 judgment remains unsatisfied.

{¶3} In 2013, Klayman filed a defamation action against his former employer Judicial Watch, Inc. ("Judicial Watch") in the U.S. District Court for the Southern District of Florida. A jury awarded Klayman $181,000 in damages.

{¶4} On June 23, 2014, Luck filed a creditor's bill against Klayman and Judicial Watch seeking to enjoin Judicial Watch from paying Klayman anything due on the 2013 judgment in favor of applying the funds to Luck's 2011 judgment.

{¶5} On January 5, 2015, Luck propounded her first set of combined discovery requests to Klayman in the creditor's bill action. Included in these requests was Luck's request for admission No. 4, in which Luck requested that Klayman admit he had no real

or personal property sufficient to satisfy her 2011 judgment against him. After requesting multiple extensions to respond to Luck's discovery requests, Klayman responded to Luck's request for admission No. 4 with a general objection. On July 21, 2015, the trial court ordered Klayman to answer this request for admission with an unqualified admission or denial. Klayman failed to respond.

{¶6} On December 5, 2016, the trial court granted Luck's motion for summary judgment and found that Luck's request for admission No. 4 was deemed admitted and established as a matter of law. The trial court found that Luck was entitled to judgment as a matter of law on her creditor's bill because she established all three elements required under R.C. 2333.01, and no genuine issue of material fact existed as to any of the three elements.

{¶7} On appeal, Klayman raises three assignments of error for our review. He argues that the trial court erred in granting summary judgment in favor of Luck because (I) the trial court did not have jurisdiction to enjoin Klayman from receiving the proceeds of a federal judgment, (ii) the trial court improperly disregarded Klayman's right to financial privacy, and (iii) there exists a genuine issue of material fact as to whether Luck's initial judgment against Klayman is valid.

**Summary Judgment Review**

{¶8} We review the trial court's summary judgment de novo, applying the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶9}** Under Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party.

> **{¶10}** R.C. 2333.01 sets forth the criteria for a sufficient creditor's bill as follows:
>
> When a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint-stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action.

The three essential elements to a claim under R.C. 2333.01 are: (1) the existence of a valid judgment against a debtor, (2) the existence of an interest in the debtor of the type enumerated in the statute, and (3) a showing that the debtor does not have sufficient assets to satisfy the judgment against him. *Harris v. Craig*, 8th Dist. Cuyahoga No. 79934, 2002-Ohio-5063, ¶ 18.

**Jurisdiction**

**{¶11}** Klayman's first assignment of error argues that the trial court did not have jurisdiction over the enforcement of Klayman's federal judgment against Judicial Watch because the state and federal court systems are independent of each other.

**{¶12}** Klayman offers two arguments in support of this assignment of error. First, Klayman discusses the "old and well-established judicially declared rule that state

courts are completely without power to restrain federal-court proceedings in *in personam* actions." *Donovan v. Dallas*, 377 U.S. 408, 413, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964). The Supreme Court in *Donovan* was referring to a state court's inability to limit the right of a plaintiff to prosecute his case in federal court. The Supreme Court further noted that the fact that a state court's injunction issues only to the parties before a federal court, and not the federal court itself, is irrelevant. *Donovan* at 413.

{¶13} Ohio courts have echoed this interpretation. In a case with a similar fact pattern to the case at hand, when a plaintiff was unable to execute upon a default judgment obtained against a defendant in municipal court, a judgment debtor examination found that the defendant's only asset was a breach of contract claim then pending in the United States District Court for the Southern District of Ohio. *Lakeshore Motor Freight (Co.) v. Glenway Industries, Inc.*, 2 Ohio App.3d 8, 440 N.E.2d 567 (1st Dist.1981). The municipal court subsequently ordered that any judgment rendered against the defendant in that action shall be in favor of the municipal court plaintiff and, further, "that the said Plaintiff may, through counsel, prosecute the breach of contract claim." *Id.*

{¶14} The First District Court of Appeals agreed with the defendant-appellant in the *Lakeshore Motor Freight* case that a trial court is without "authority to allow the judgment creditor to usurp prosecution of a chose in action belonging to the judgment debtor, but must instead limit any order to the debtor's equitable interest, *i.e.*, the potential proceeds, in any such action." *Id*. at 9. *See also Wheaton v. Lee Rd. Dev. Ltd. Liab.*

*Co.*, 11th Dist. Lake No. 2000-L-075, 2001 Ohio App. LEXIS 3549 (Aug. 10, 2001) (proceeds from judgment debtor's chose in action is subject to attachment or encumbrance by way of a creditor's bill; however, the right to prosecute the chose-in-action is not subject to attachment or encumbrance.)

{¶15} Based on the foregoing, Klayman's reliance on *Donovan*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409, is misplaced. Klayman was able to exercise his right to litigate a defamation action against Judicial Watch in the United States District Court for the Southern District of Florida. The trial court's order enjoining Judicial Watch from paying Klayman pursuant to his judgment did not usurp Klayman's prosecution of his case.

{¶16} Second, Klayman relies on the Supremacy Clause to argue that even when a state law is not in direct conflict with a federal law, the state law could still be found unconstitutional if it "is an obstacle to the accomplishment and execution of Congress's full purposes and objectives." *Crosby v. Natl. Foreign Trade Council*, 530 U.S. 363, 366, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000). Klayman appears to be arguing that his right to receive payment on a federal judgment is superior to Luck's right to receive payment on a state court judgment. This argument fails. While Klayman goes to great lengths to emphasize the federal nature of his judgment against Judicial Watch, he makes no attempt to articulate how proceeds from a federal judgment are immune to a valid lien under R.C. 2333.01.

**{¶17}** "A creditor's bill action enables a judgment creditor to secure a lien on those assets of the judgment debtor that cannot be reached by the mere execution of the judgment." *Am. Transfer Corp. v. Talent Trans., Inc.*, 8th Dist. No. 94980, 2011-Ohio-112, ¶ 8, citing *Union Properties, Inc. v. Patterson*, 143 Ohio St. 192, 54 N.E.2d 668 (1944). Specifically, the statute provides that any interest a judgment debtor has in a judgment or order shall be subject to the payment of the judgment by action. R.C. 2333.01. For Klayman's argument here to succeed, a "judgment" under R.C. 2333.01 would need to be interpreted to exclude federal judgments. Because nothing in the statutory language or relevant case law supports such an interpretation, this assignment of error is overruled.

## Discoverability of Financial Information

**{¶18}** In his second assignment of error, Klayman argues that the trial court erred when it deemed admitted a request for admission that he did not have sufficient assets to satisfy Luck's 2011 judgment. Specifically, Klayman asserts that he has a substantial interest in maintaining his financial privacy that overrides Luck's interest in conducting discovery pursuant to the Ohio Rules of Civil Procedure.

**{¶19}** Civ.R. 26(B)(1) provides:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature,

custody, condition and location of any books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

{¶20} The third element for a claim under R.C. 2333.01 is a showing that the debtor does not have sufficient assets to satisfy the judgment against him. *Harris v. Craig*, 8th Dist. Cuyahoga No. 79934, 2002-Ohio-5063, at ¶ 18. A request for admission that mirrors the third element of Luck's claim here would be permissible under Civ.R. 26(B)(1), because it directly relates to an essential element of Luck's claim.

{¶21} While privileged material is clearly excluded from the scope of discovery, Klayman does not attempt to argue that the information sought was in any way privileged. Instead, he attempts to craft a separate exception to discoverable matter under Civ.R. 26(B)(1) using irrelevant case law. Klayman's attempt fails. Because his financial status was clearly relevant to the creditor's bill action, and the information was not privileged or otherwise exempt from discovery, Klayman's second assignment of error is overruled.

**Fraud**

{¶22} In Klayman's third and final assignment of error, he argues that a genuine issue of material fact existed in the creditor's bill action. Specifically, Klayman argues

that the trial court erred by finding that Luck had a valid lien because the underlying judgment was obtained through fraud. In support of this assignment of error, Klayman only notes that he has appealed the validity of Luck's judgment in the United States Court of Appeals for the Eleventh Circuit.

{¶23} "A final judgment is conclusive and binding on the parties and can only be attacked on direct appeal, not collaterally." *Fed. Deposit Ins. Co. v. Willoughby*, 19 Ohio App.3d 51, 53, 482 N.E.2d 1267 (8th Dist.1984). The Ohio Supreme Court has held that "in our jurisprudence, there is a firm and longstanding principle that final judgments are meant to be just that — final." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 8. The court further determined that the reasons for disfavoring collateral attacks do not apply in two principal circumstances — when the issuing court lacked jurisdiction or when the order was the product of fraud. *Id*. at ¶ 9.

{¶24} Klayman's direct appeal of Luck's 2011 judgment was appealed to this court, and all seven assignments of error were overruled. *Klayman v. Luck*, 8th Dist. Cuyahoga Nos. 97074 and 97075, 2012-Ohio-3354. The pending appeal Klayman refers to in support of his argument is the most recent in a series of unsuccessful attempts to undermine Luck's 2011 judgment. In the absence of any genuine support for the assertion that the 2011 judgment was obtained through fraud, Klayman's third assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR