OPINION
{¶ 1} Defendant-appellant, Richard Edwards, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding him in contempt.[1] We affirm the domestic relations court's decision.
 {¶ 2} The domestic relations court issued a judgment entry and decree of divorce in May 2000, granting a divorce and terminating the marriage of appellant and plaintiff-appellee, Jamie Edwards, now known as Jamie Bernard. The decree required appellant to pay appellee half of the value of a certificate of deposit cashed by appellant, and half of the parties' income tax refund. Those obligations totaled $1250.
 {¶ 3} Appellee filed a bankruptcy petition in February 2004. Schedule B of the petition required appellee to list "alimony, maintenance, support, and property settlements to which the debtor is or may be entitled." Appellee was also required to list "other contingent and unliquidated claims of every nature, including tax refunds." The record shows that appellee did not list appellant's obligations under the divorce decree.
 {¶ 4} In July 2005, while her bankruptcy petition was pending, appellee filed a motion in the domestic relations court to find appellant in contempt. Appellee asserted that appellant had not paid his obligations under the divorce decree. After appellee obtained relief from the bankruptcy court's automatic stay, a domesticrelations court magistrate held a hearing on appellee's motion. The magistrate subsequently recommended a contempt finding. The domestic relations court overruled appellant's objection to the magistrate's decision, adopted that decision, and found appellant in contempt.
 {¶ 5} Appellant appeals, raising one assignment of error as follows:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS OBJECTION TO THE MAGISTRATE'S DECISION."
 {¶ 7} Appellant presents two arguments under this assignment of error, the same arguments he presented in his objection to the magistrate's decision. First, he argues that appellee was barred by the doctrines of equitable and judicial estoppel from pursuing the contempt motion. Appellant argues that appellee could not fail to list appellant's obligations in her bankruptcy petition, but later acknowledge those obligations by filing the contempt motion. Second, he argues that appellee was not a real party in interest and therefore lacked standing to pursue the contempt motion.
 {¶ 8} An appellate court will not reverse a finding of contempt by a trial court absent an abuse of discretion. Willis v. Willis,149 Ohio App.3d 50, 2002-Ohio-3716, ¶ 59. For a reversal, the appellant must show that the trial court's decision was arbitrary, unreasonable, or unconscionable. Tener v. Tener-Tucker, Warren App. No. CA2004-05-061,2005-Ohio-3892, ¶ 32.
 {¶ 9} We first address appellant's equitable estoppel argument. In order to make a prima facie case of equitable estoppel, a party must show the following: (1) there was a factual representation; (2) the representation was misleading; (3) the representation induced actual, reasonable reliance; and (4) reliance on the representation caused detriment to the relying party. Chase Manhattan Bank v. Parker, Butler App. No. CA2003-11-299, 2005-Ohio-1801, ¶ 20, citing Heskett v.Paulig (1999), 131 Ohio App.3d 221, 226-227.
 {¶ 10} We do not find merit in appellant's equitable estoppel argument. The record does not indicate that appellant relied on appellee's factual representation in her bankruptcy petition in failing to pay his obligations under the divorce decree. The record shows that appellant had not paid his obligations under the divorce decree for nearly four years prior to appellee's filing of her bankruptcy petition. Because appellant cannot show actual, reasonable reliance on appellee's factual representation, and detriment caused by that reliance, his equitable estoppel argument fails.
 {¶ 11} We now address appellant's judicial estoppel argument. Judicial estoppel precludes a party from taking a legal position inconsistent with a legal position taken in a prior action. Bruck Mfg. Co. v.Mason (1992), 84 Ohio App.3d 398, 400. It is an equitable doctrine intended to protect the integrity of the judicial process from a litigant's manipulative assertion of inconsistent positions.Advanced Analytics Laboratories, Inc. v. Kegler, Brown, Hill Ritter,L.P.A., 148 Ohio App.3d 440, 2002-Ohio-3328, ¶ 37. The doctrine is only applicable when the party making the inconsistent assertion was successful in making the prior assertion. Id.
 {¶ 12} We do not find merit in appellant's judicial estoppel argument. Appellant did not show that appellee's prior assertion was successful. The record is silent as to the outcome of the bankruptcy proceeding, and whether appellee successfully shielded from the bankruptcy estate the amounts owed to her by appellant. Further, the record does not indicate that appellee was attempting to manipulate the judicial system with inconsistent legal assertions. The record shows that the bankruptcy court granted appellee's motion for relief from the automatic stay "in order to pursue post divorce decree domestic relations action against ex-husband." The bankruptcy court's granting ofappellee's motion suggests that the court had not been manipulated, but was aware of appellee's contempt motion and appellant's outstanding obligations. Based on the record before us, we find no error by the domestic relations court in refusing to apply the equitable doctrine of judicial estoppel.
 {¶ 13} Appellant relies on Bruck Mfg., 84 Ohio App.3d 398, an Eighth District case, as his sole support for his equitable and judicial estoppel arguments. We disagree with the Bruck Mfg. court's application of the equitable estoppel doctrine. The court did not discuss or apply the reliance aspect of that doctrine, which applies in this case to defeat appellant's argument. As to judicial estoppel, we find BruckMfg. distinguishable from this case. In Bruck Mfg., the bankruptcy proceedings had concluded. The appellant had made misleading factual representations that shielded a claim from the bankruptcy estate. In contrast, the record in this case does not show that the bankruptcy proceedings had concluded, or that appellee succeeded in shielding a claim from the bankruptcy estate. Further, as stated above, the record does not suggest that the bankruptcy court had been manipulated by appellee's inconsistent assertions.
 {¶ 14} We now address appellant's final argument regarding standing. Appellant cites one case in support of his argument: McGlone v.Blaha, Ross App. No. 99-CA-2533, 2000- Ohio-2043, 2000-Ohio-1997,2000 WL 1725423. In McGlone, the court of appeals stated that a debtor's negligence claim, which was not listed in the debtor's bankruptcy petition, became property of the bankruptcy estate at the time of the petition's filing. Id. at *2. Because the claim was part of the bankruptcy estate and the trustee never properly abandoned the claim, the court of appeals held that only the trustee could pursue the claim. Id. at *4.
 {¶ 15} We find McGlone distinguishable from this case. Appellee was not pursuing a claim like the debtor in McGlone, but was attempting to compel obedience to a long-standing court order through the filing of a contempt motion. Importantly, the record is silent as to whether the bankruptcy court would permit appellee to retain funds collected from appellant. Reflective of that silence, the domestic relations court stated that, while it was finding appellant in contempt, it was making no finding as to whether appellee could retain funds collected from appellant, or whether she was required to report those funds to the bankruptcy trustee. The bankruptcy court, with the trustee's acquiescence, released appellee from the automatic stay to pursue this matter. Whether appellee is entitled to retain funds collected from appellant is an issue for the bankruptcy court to determine. Appellant provides us with no compelling authority supporting his argument that appellee lacked standing to pursue her contempt motion.
 {¶ 16} Based on the foregoing analysis, we find no abuse of discretion by the domestic relations court in granting appellee's contempt motion. Accordingly, we overrule appellant's assignment of error and affirm the decision of the domestic relations court finding appellant in contempt.
YOUNG and BRESSLER, JJ., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.