OPINION
{¶ 1} Appellant/cross-appellee, Luke A. Hueber ("appellant"), appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, finding him in contempt for violating divorce and shared parenting decrees previously issued by the court, and ordering him to pay attorney fees to appellee/cross-appellant, Stephanie K. Smart f/k/a Stephanie K. Hueber ("appellee"). Appellee cross-appeals other findings of the trial court *Page 2 
from the same decision. Appellant also appeals a separate decision of the trial court ordering him to pay attorney fees incident to its order terminating shared parenting.[1]
 {¶ 2} The parties were married in November 1989 and have two children, a daughter and son. In 2002, each sought a divorce on the grounds of incompatibility. On December 2, 2003, the trial court issued a final divorce decree and shared parenting decree. Following the issuance of these orders, both parties timely appealed the trial court's divorce decree to this court, specifically raising issues concerning marital property and attorney fees.[2] This court issued its decision in that case in December 2004, affirming the trial court's decision in part and reversing the decision in part.[3] Notably, appellant did not seek to stay the trial court's orders while the appeal was pending.
 {¶ 3} On May 7, 2004 and September 24, 2004, appellee filed motions for contempt against appellant for violating various portions of the shared parenting and divorce decrees. Of relevance to this appeal, appellee alleged that appellant enrolled the children in a new school without her agreement, relocated from the marital residence to a new address without providing her with written notice, obtained medical treatment for their son without her consent, failed to divide the parties' retirement accounts as ordered, failed to pay her sums owed in settlement of the parties' marital property and failed to pay her attorney fees. In seeking the contempt orders, appellee also requested an award of attorney fees.
 {¶ 4} Following a two-day hearing, which occurred over November 12, 2004 and April 15, 2005, *Page 3 
the magistrate found appellant in contempt on all of the forgoing matters. Appellant was ordered to pay appellee $500 for each violation, in addition to $2,000 in interim attorney fees.
 {¶ 5} On July 7, 2005, appellant filed objections to the magistrate's decision, challenging all of the contempt findings. Following a hearing on November 9, 2005, the trial court overruled appellant's objections concerning his failure to notify appellee of his relocation, failure to divide retirement accounts, failure to pay appellee her portion of the property settlement and failure to pay appellee attorney fees. The trial court also overruled appellant's objection to the magistrate's award of attorney fees to appellee, but sustained his objections concerning the enrollment of the children in school without appellee's agreement and obtaining medical treatment for their son without appellee's consent.
 {¶ 6} On September 1, 2004, by way of a separate proceeding, appellant moved the trial court to terminate shared parenting, to which appellee filed a countermotion for termination of the shared parenting plan and custody of the parties' children, along with a request for attorney fees, on February 4, 2005. After conducting a four-day hearing on the matter, the court designated appellant the residential parent and legal custodian of the parties' two minor children. As part of its order, however, the court required appellant to pay appellee $10,000 in attorney fees.
 {¶ 7} Appellant advances a total of six assignments of error arising out of these decisions, the first five of which arise out of the trial court's decision on the contempt findings. Appellant's sixth assignment of error arises out of the trial court's decision ordering him to pay attorney fees as part of its order terminating shared parenting.[4] *Page 4 
 {¶ 8} Appellee, in turn, advances a single cross-assignment of error arising out of the trial court's decision to sustain two of appellant's objections to the magistrate's contempt findings.
 {¶ 9} Appellant's Assignment of Error No. 1:
 {¶ 10} "IT WAS AN ABUSE OF DISCRETION TO FIND [APPELLANT] IN CONTEMPT FOR FAILING TO NOTIFY [APPELLEE] OF HIS INTENT TO RELOCATE."
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "IT WAS AN ABUSE OF DISCRETION TO FIND [APPELLANT] IN CONTEMPT FOR FAILURE TO DIVIDE RETIREMENT ACCOUNTS WHILE THERE WERE ISSUES PENDING IN THE PRIOR COURT OF APPEALS PROCEEDING."
 {¶ 13} Assignment of Error No. 3:
 {¶ 14} "IT WAS AN ABUSE OF DISCRETION TO FIND [APPELLANT] IN CONTEMPT FOR FAILURE TO PAY [APPELLEE] THE PROPERTY SETTLEMENT."
 {¶ 15} In his first, second and third assignments of error, appellant seeks reversal of the trial court's contempt findings concerning his failure to notify appellee of his intent to relocate, failure to pay appellee half of the parties' two outstanding retirement accounts and failure to pay appellee sums owed in settlement of the parties' marital property. We find appellant's arguments in support of these contentions unpersuasive.
 {¶ 16} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. To support a contempt finding, the moving party must establish, by clear and convincing evidence, the existence of a valid court order, that the offending party had knowledge of the order and that *Page 5 
the offending party violated such order. Arthur Young Co. v.Kelly (1990), 68 Ohio App.3d 287, 295; Davis v. Davis, Clark App. No. 06-CA-17, 2007-Ohio-322. The clear and convincing evidence standard requires more than a mere preponderance of the evidence, but not the extent of such certainty required for a finding of beyond a reasonable doubt in a criminal case. See Davis. "`Clear and convincing evidence' is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." See id.
 {¶ 17} In reviewing a trial court's decision concerning a finding of contempt, an appellate court will not reverse such a finding absent an abuse of discretion. See Edwards v. Edwards, Warren App. No. CA2006-04-044, 2007-Ohio-123; see, also, Willis v. Willis,149 Ohio App.3d 50, 66, 2002-Ohio-3716. To warrant reversal of a trial court's contempt finding, the appellant must demonstrate that the trial court's decision was arbitrary, unreasonable or unconscionable. SeeEdwards.
 {¶ 18} In this case, the trial court issued two valid orders, a divorce decree and shared parenting decree, both of which set forth the parties' respective obligations. Through the testimony elicited during the magistrate's hearing on the contempt motions, the record demonstrates that appellant had knowledge of both orders. As a result, our analysis in this case concerns appellant's alleged violation of such orders.
 {¶ 19} 1. Failure to Notify Appellee of Intent to Relocate
 {¶ 20} In his first assignment of error, appellant challenges the trial court's contempt finding regarding his failure to provide appellee with written notice of his intent to relocate prior to moving to a residence on Glen Lakes Road. Section 3 of the shared parenting decree required appellant to provide appellee with written notification of his intent to relocate thirty days prior to doing so. The record demonstrates that appellant relocated twice *Page 6 
following the parties' divorce, first to a residence on Glen Lakes Road, and second to a home he constructed on Harrison Road, where he currently resides.
 {¶ 21} Appellant maintains that a contempt finding is unwarranted because appellee failed to demonstrate by clear and convincing evidence that he failed to provide her with notification of his relocation. Specifically, appellant argues that he told appellee he was moving during a telephone conversation and via electronic mail. He also argues appellee did not specify in her contempt motions which of appellant's two relocations she deemed to be in violation of the court's order, and that his relocation to Glen Lakes Road was only temporary.
 {¶ 22} Our review of the record demonstrates that on August 17, 2004, appellant filed a notice of relocation with the trial court, stating that he had already relocated to Glen Lakes Road. Appellee testified that she did not receive written notice prior to appellant's relocation to this residence, and did not learn of appellant's new address until she was scheduled to pick the children up from his house. There is nothing in the record demonstrating that appellant notified appellee in any written form of his intent to relocate to Glen Lakes Road prior to doing so.
 {¶ 23} In his brief, appellant refers to email correspondence with appellee, in which he stated that he would be moving to "the Little Miami School District," to support that he provided appellee with written notice prior to relocating. We note, however, that such correspondence concerns appellant's second relocation, not the relocation upon which appellee bases the instant contempt action.
 {¶ 24} Appellant also argues that he told appellee he had moved during a telephone conversation and that he left her a telephone message notifying her of his relocation. Specifically, appellant maintains that he told appellee he was temporarily moving to the "Loveland area" pending the construction of a new home, and that he "probably" gave her *Page 7 
the address of this residence. The fact appellant may have mentioned his relocation during a telephone conversation with appellee or in a telephone message does not satisfy the express provisions of the shared parenting decree, which required appellant to provide appellee with written notification thirty days prior to relocating. Further, the fact that such relocation was only temporary following appellant's sale of the marital residence is of no consequence to his obligations under the shared parenting decree, which required that appellant provide written notification thirty days prior to any relocation.
 {¶ 25} Finally, we note that appellee testified during the magistrate's hearing that she did not receive advance written notice of appellant's relocation to Glen Lakes Road following his sale of the marital residence. Despite his assertions to the contrary, any confusion as to which relocation appellee claimed to be in violation of the court's order was therefore clarified during the magistrate's hearing on the matter. Appellant testified as to both relocations at the hearing, raising no objection during the discussion of his relocation to Glen Lakes Road. Appellant still made no mention of his alleged confusion when he filed his objections to the magistrate's findings or during the trial court's hearing on those objections. Accordingly, we find no merit in appellant's argument that appellee's contempt motion did not provide him with notice as to which relocation she alleged was in violation of the court's order.
 {¶ 26} Based upon the foregoing, we find no abuse of discretion in the trial court's contempt finding on this issue.
 {¶ 27} 2. Failure to Divide Retirement Accounts
 {¶ 28} In his second assignment of error, appellant contends the trial court erred in finding him in contempt for failing to divide two of the parties' retirement accounts. Appellant argues that the court's contempt finding is unwarranted because an appeal concerning these accounts was pending during the period of nonpayment, appellee was not prejudiced by the *Page 8 
delay in payment and no time limit for payment was set forth in the divorce decree. Appellant further suggests that the trial court erred in finding him in contempt for failing to divide two retirement accounts where appellee only addressed his failure to divide one account in her motion for contempt.
 {¶ 29} Section 10 of the divorce decree required appellant to divide three specific retirement accounts between himself and appellee. The record indicates that one account was timely divided following the issuance of the divorce decree, but that the other two accounts were not. Appellant filed a QDRO regarding the accounts in question on February 17, 2005, more than one year after the filing of the divorce decree, and over two months after this court issued its decision affirming the trial court's decision concerning such accounts.
 {¶ 30} As an initial matter, appellant did not seek to stay the trial court's order requiring the division of such accounts while he pursued an appeal to this court regarding the classification of the same as marital property. As such, the trial court's order was not stayed while appellant's initial appeal was pending. The fact that such appeal was pending is therefore of no significance here. See Oatey v. Oatey (1992),83 Ohio App.3d 251, 257.
 {¶ 31} Further, although appellant asserts appellee was not prejudiced by his delay, appellant provides no authority for the proposition that a showing of prejudice is required to support a contempt finding. It is well-settled that to find a litigant in contempt, the court must find the existence of a valid court order, that the offending party had knowledge of such order and that such order was, in fact, violated. SeeArthur Young, 68 Ohio App.3d at 295.
 {¶ 32} In finding appellant in contempt on this issue, the trial court applied a "reasonable length of time" standard to the time within which appellant was required to divide the subject accounts, in the absence of a specific time frame set forth in the divorce decree. In doing so, the trial court found that appellant's failure to divide such accounts over the *Page 9 
course of more than one year was unreasonable. We find no abuse of discretion in the trial court's application of a reasonable length of time standard where the decree did not provide a specific time frame for payment. See Willis, 149 Ohio App.3d at 66; see, also, McFarland v.McFarland, Licking App. No. 01CA00021, 2001-Ohio-1843.
 {¶ 33} Finally, with respect to appellant's suggestion that the trial court erred in finding him in contempt for failing to divide two accounts where appellee only raised the issue of his failure to divide one, we note that appellant testified during the magistrate's hearing as to both accounts, admitting that he transferred neither until February 2005. No objection was made during the discussion of both accounts. Moreover, in raising his objections to the magistrate's findings, appellant still made no mention of this issue. Accordingly, we find appellant impliedly consented to trying the issues of contempt as to his failure to divide both accounts. See Brown v. Learman (Nov. 3, 2000), Miami App. No. 00CA30. Based upon the foregoing, we find no abuse of discretion in the trial court's contempt finding as to this issue.
 {¶ 34} 3. Failure to Pay Appellee Property Settlement
 {¶ 35} In his third assignment of error, appellant challenges the trial court's contempt finding with respect to his failure to pay appellee her portion of the property settlement. Appellant again argues that a contempt finding is unwarranted because no required time limit for payment was set forth in the divorce decree and because appellant made an attempt to pay appellee the property settlement, which she rejected.
 {¶ 36} Section 18 of the divorce decree required appellant to pay appellee a property settlement amounting to $34,868.09. The decree further provided that interest would accrue at a rate of ten per cent annually if such payment was not made within 90 days. The record indicates that appellant sent appellee's attorney a check for approximately $36,000 on July 7, 2004, purportedly representing the sum owed to appellee in settlement of the parties' marital *Page 10 
property. This check was returned to appellant, however, with a request that he reissue the same to correct a disputed notation on the check.[5]
 {¶ 37} It is undisputed that appellant did not reissue the check and has failed to do so to date. In fact, appellant testified that he used the money he was ordered to pay appellee to complete the construction of his home, to pay other debts, such as loans taken out from his family, and to purchase numerous personal items. Based upon these facts, the trial court found appellant in contempt for failing to pay appellee her portion of the settlement within a reasonable time.
 {¶ 38} As stated, we find no abuse of discretion in the trial court's application of a reasonable length of time standard where the court's order does not provide a specific time frame for payment. SeeWillis; see, also, McFarland. In light of the fact that appellant has failed to pay appellee her portion of the property settlement for over three years, we find no abuse of discretion in the trial court's contempt finding on this issue.
 {¶ 39} Accordingly, we overrule appellant's first, second and third assignments of error.
 {¶ 40} Assignment of Error No. 4:
 {¶ 41} "THE TRIAL COURT FAILED TO RULE UPON THE OBJECTION TO THE FINDING THAT [APPELLANT] FAILED TO PAY [APPELLEE] $500.00 IN ATTORNEY FEES AWARDED BY THE TRIAL COURT WITHOUT A PROVISION AS TO WHEN THE PAYMENT WAS TO HAVE BEEN MADE."
 {¶ 42} In his fourth assignment of error, appellant argues that the trial court erred in failing to rule upon his objection to the magistrate's contempt finding for his failure to pay *Page 11 
appellee $500 in attorney fees. Section 19 of the divorce decree, issued on December 2, 2003, required appellant to pay appellee $500 in attorney fees. The record reflects that appellant did not pay appellee this amount until July 2004, long after the court issued its decree, and after appellee had already filed her motion to find appellant in contempt for failing to comply with the court's order.
 {¶ 43} Our reading of the trial court's decision indicates that the court properly overruled appellant's objection to the contempt finding for failing to pay appellee the $500 fee award within a reasonable time. As previously stated, a trial court does not abuse its discretion in applying a reasonable length of time standard to the time within which a litigant must pay what is ordered where no time frame for such payment is set forth in the court's order. See Willis. As such, we find no error in the trial court's contempt finding on this issue.
 {¶ 44} We note, however, that the trial court's decision does not address the fact that appellant has paid appellee the $500 in fees as required by the divorce decree, albeit several months after the divorce decree was issued, and orders him to pay the $500 "within 60 days of the date of journalization" of its decision. It is undisputed that appellant paid appellee the $500 in fees in July 2004. Accordingly, we overrule appellant's fourth assignment of error, but modify the trial court's decision to reflect that appellant has already paid appellee the original $500 in fees as required by the court's prior order.
 {¶ 45} Assignment of Error No. 5:
 {¶ 46} "THE TRIAL COURT'S AWARD OF ATTORNEY FEES AND INTERIM ATTORNEY FEES IS CONTRARY TO THE EVIDENCE AND AN ABUSE OF DISCRETION."
 {¶ 47} In his fifth assignment of error, appellant argues that the trial court erred in awarding attorney fees on the contempt motions without considering his "successful defense" on five out of ten of the contempt allegations. Appellant further argues that the trial court *Page 12 
abused its discretion and acted contrary to the court's local rules in awarding interim attorney fees where appellant demonstrated an inability to pay and where appellee did not present evidence to comply with the local rules.
 {¶ 48} With respect to an award of attorney fees, a trial court is vested with discretion to make such an award where the party seeking attorney fees demonstrates that such fees are reasonable under the circumstances. See Kitchen v. Kitchen, Butler App. No. CA2006-01-013,2006-Ohio-6542; see, also, McFarland. Further, and of relevance to this case, R.C. 3105.73(B) provides: "In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."
 {¶ 49} In addition to this statutory provision, Clermont County Loc. R. DR 56 addresses the reasonableness of attorney fees, providing: "Absent formal evidence, as set forth in DR 57, $500.00 shall be considered a reasonable attorney fee, unless otherwise determined by the Court. In determining the necessity for and the reasonableness of attorney fees, the Court may rely on its own knowledge and observations of time and effort expended, tactics used, results obtained, discovery cooperation shown, settlement efforts made, and compliance with Court orders demonstrated. The Court may also consider the amount of attorney fees the opposing party has incurred in the same matter."
 {¶ 50} Loc.R. DR 57 further provides: "(A) At the time of the final hearing on the motion * * * for attorney fees, the attorney shall present: (1) an itemized statement describing *Page 13 
the services rendered, the time for such services, the requested hourly rate, and necessary expenses and cost for litigation; (2) testimony as to whether the case was complicated by any factor which necessitated extra time being spent on the case; (3) testimony regarding the attorney's years in practice and experience in domestic relations cases; and (4) evidence of the defending party's ability to pay, and of the moving party's need for an award of attorney fees, if not otherwise disclosed during the hearing. (B) Failure to comply with the provisions of this rule shall result in the denial of a request for attorney fees in excess of $500.00 * * *."
 {¶ 51} The trial court awarded appellee $500 in attorney fees for each of the four contempt findings previously discussed, for a total award of $2,000. The trial court also awarded appellee $2,000 in interim attorney fees due to pending litigation concerning shared parenting. As stated, the record demonstrates that the trial court correctly found appellant in contempt and ordered attorney fees accordingly. The fact that appellee did not prevail on all of her contempt allegations does not render the court's fee award an abuse of discretion.
 {¶ 52} Further, our review of the record indicates that appellee's attorney provided an itemized statement of the fees she incurred in representing appellee on the issues of contempt. Appellee's attorney testified as to such fees, outlining her legal experience, the nature of the matters upon which she represented appellee, appellee's need for such representation, as well as the fact her fees were high due to appellant's conduct in repeatedly disobeying court orders.
 {¶ 53} Additionally, the record demonstrates that both parties testified on matters of income, expenditures and lifestyle. Appellant testified that he built a $600,000 home equipped with five bedrooms, five fireplaces, a two-car attached garage and three-car detached garage, along with an in-ground pool. Further, appellant testified that, in addition to income earned from his occupation as a builder, he has earned income from the sale of the *Page 14 
marital residence and other real estate, from leasing the Glen Lakes residence and from the sale of various items of personal property. Meanwhile, appellee testified that she currently resides in a two-bedroom, 900 square foot condominium, and has no income of her own since she is enrolled in school full-time to obtain her nursing degree. Appellee testified that her sole income is comprised of spousal support from appellant, along with money borrowed from her father. Despite the fact appellant argued he has experienced a reduction in his income since the divorce decree was issued, appellant's income, even with an alleged reduction, is far greater than that of appellee.
 {¶ 54} We find the trial court acted within its discretion in considering testimony and evidence concerning appellant's income from various sources, as well as his rather lavish expenditures on his home and personal items, to discredit his claim that he is unable to pay appellee attorney fees. Further, the trial court specifically took note of the disparity in the parties' incomes and appellant's conduct in protracting the litigation in awarding appellee attorney fees. In light of the evidence, we find that the court properly awarded appellee attorney fees on the issues of contempt, as well as interim attorney fees. We therefore overrule appellant's fifth assignment of error.
 {¶ 55} Assignment of Error No. 6:
 {¶ 56} "THE TRIAL COURT ERRED IN AWARDING $10,000.00 IN ATTORNEY FEES TO [APPELLEE] FROM [APPELLANT] WHO WAS THE PREVAILING PARTY."
 {¶ 57} Similarly, in his sixth assignment or error, appellant argues that the trial court erred in awarding appellee $10,000 in attorney fees incident to its order concerning shared parenting, where appellee failed to present evidence warranting a fee award, and where appellant was the prevailing party. We find appellant's arguments to be without merit.
 {¶ 58} With respect to the fees awarded during the proceedings to terminate shared *Page 15 
parenting, the record demonstrates that such award was made after the court heard testimony on the parties' incomes and expenditures. As previously stated, the court acted within its discretion in finding it equitable to award appellee attorney fees, where the testimony demonstrated a large disparity in appellant's income from numerous sources, as compared to appellee's minimal income due to her full-time enrollment in school.
 {¶ 59} Further, the record demonstrates that both attorneys submitted information detailing fees incurred. Appellee's attorney indicated that she spent twelve hours appearing on appellee's behalf at just the first two days of the four-day hearing on the issue of shared parenting. She also indicated that she spent several hours preparing for the hearing, as well as preparing for and attending various court conferences on behalf of appellee. During its hearing on the matter, the trial court specifically inquired of both appellant's counsel and appellee's counsel if either was going to make an issue regarding the reasonableness of attorney fees incurred. Neither responded that she would, and no evidence was introduced that such fees were unreasonable.
 {¶ 60} As stated, an award of attorney fees is within the sound discretion of the trial court and may be made when such an award is equitable. See Kitchen, Butler App. No. CA2006-01-013, 2006-Ohio-6542. Despite appellant's argument to the contrary, the language of R.C.3105.73 does not require that a party prevail for a court to award attorney fees. Instead, it requires only that such an award be equitable. Accordingly, we find no abuse of discretion in the trial court's decision to award appellee attorney fees incurred for representation on the shared parenting issue. Appellant's sixth assignment of error is therefore overruled.
 {¶ 61} Appellee's Cross-Assignment of Error No. 1:
 {¶ 62} "IT WAS AN ABUSE OF DISCRETION TO VACATE THE MAGISTRATE'S *Page 16 
FINDINGS OF CONTEMPT WHEN THE TRIAL COURT HAD ONLY A PARTIAL TRANSCRIPT OF THE HEARINGS BEFORE THE MAGISTRATE."
 {¶ 63} In her sole cross-assignment of error, appellee argues that the trial court erred in vacating the magistrate's contempt findings concerning the issues of appellant's enrollment of the children in school without her agreement and his failure to obtain her consent prior to seeking medical treatment for their son. Section 2 of the shared parenting decree required the parties to discuss and agree upon the appropriate school in which to enroll the children in the event appellant relocated following the 2003-2004 school year. The children were to remain enrolled in St. Veronica School, where they had been enrolled since kindergarten, through the 2003-2004 school year. Further, Section 9 of the shared parenting decree provided that any medical treatment sought for the parties' children, other than routine checkups or emergency care, required the consent of both parties.
 {¶ 64} The magistrate found appellant in contempt for unilaterally enrolling the children in the Little Miami school district and for failing to obtain appellee's consent prior to obtaining allergy treatment for their daughter, Alison. The trial court, however, sustained appellant's objections to the magistrate's decision, finding that the shared parenting decree did not provide for a course of action in the event the parties could not reach an agreement as to the issue of school enrollment, as in the present case, and that appellee had not sustained her burden of establishing contempt with respect to the issue of obtaining allergy treatment.[6]
 {¶ 65} On appeal, appellee seeks reversal of these findings based solely upon the fact that appellant did not file a complete transcript with the trial court. Specifically, appellee alleges that appellant failed to file the transcript of the November 12, 2004 portion of the *Page 17 
contempt hearing. Pursuant to Civ.R. 53(E), "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." In this case, appellant filed his objections to the magistrate's decision on July 7, 2005, but filed only a transcript of the April 15, 2005 portion of the magistrate's hearing in support of his objections.
 {¶ 66} As an initial matter, we note that appellee did not raise an objection as to this issue or bring it to the trial court's attention at any time during the trial court's hearing on appellant's objections to the magistrate's decision. Rather, the record indicates that both appellant and appellee proceeded to argue to the trial court their respective positions as to all issues with reference to evidence offered at both portions of the magistrate's hearing.
 {¶ 67} Further, after carefully and conscientiously reviewing both transcripts, we find that any testimony relevant to the two issues presented by appellee discussed in the November portion of the transcript is thoroughly discussed in the April portion of the transcript as well. In fact, nothing presented during the November hearing changes or contradicts the facts as presented during the April portion of the hearing. Rather, our review of the transcripts indicates that any information as to these two issues described in the November transcript is duplicated and, in fact, expounded upon in the April transcript.
 {¶ 68} Finally, we note that, although it is unclear what the trial court reviewed in making its decision, the trial court had available to it the recordings of the hearing before the magistrate. In fact, the trial court's decision states that the court reviewed the"transcripts" in ruling upon appellant's objections. Despite appellee's conclusion to the contrary, there is no evidence that the trial court did not consider this evidence such that its decision on appellant's objections was improper. See, e.g., Cunningham v. Morgan, Cuyahoga App. No. 84100, 2004-Ohio-6007. Accordingly, we find appellee's argument regarding the filing of the *Page 18 
transcripts to be without merit.
 {¶ 69} As to the merits of the contempt issue, our review of the record demonstrates that appellant, as the designated residential parent for school purposes, expressed to appellee that he wished to send the children to a different school than St. Veronica for the 2004-2005 school year, following his relocation from the marital residence. It is also evident that appellee expressed to appellant that she did not wish to enroll the children in the Little Miami school district, as appellant suggested, and that no agreement was ever reached as to where the children should attend school. The shared parenting decree does not provide for a course of action in the event the parties cannot agree upon the appropriate school in which to enroll the children. As such, the trial court found, and we agree, that appellee failed to meet her burden of establishing that appellant violated the shared parenting decree when he enrolled the children in a different school when the parties could not reach an agreement.
 {¶ 70} Further, with respect to medical treatment rendered to the parties' son, the record demonstrates that appellee was aware that their son was scheduled for treatment with an allergist and that the treatment was recommended by school personnel who had previously assessed him. Appellee was present at a school meeting during which school personnel discussed the need for such treatment, and during which it was indicated that appellant had scheduled an appointment accordingly. As a result, the trial court found, and we agree, that appellee failed to establish appellant violated the shared parenting decree by obtaining medical treatment for their son.
 {¶ 71} Accordingly, we find no abuse of discretion in the trial court's decision sustaining appellant's objections to the magistrate's contempt findings on these issues. Appellee's sole cross-assignment of error is therefore overruled.
 {¶ 72} All assignments of error raised herein having been overruled, we affirm the *Page 19 
decisions of the trial court, and modify the trial court's decision on the issues of contempt to reflect that the original $500 in attorney fees due to appellee has already been paid.
 {¶ 73} Judgments affirmed as modified.
WALSH, P.J. and BRESSLER, J., concur.
[1] Three separate notices of appeal were filed on each of these decisions. The cases were consolidated for purposes of appeal.
[2] See Hueber v. Hueber, Clermont App. Nos. CA2003-12-104, CA2003-12-111, 2004-Ohio-6660.
[3] This court affirmed the trial court's classification of the parties' American General retirement account as marital property, the trial court's denial of appellant's request to re-open his case to present facts conforming the termination date of the marriage and the trial court's limited award of $500 in attorney fees to appellee. This court reversed the trial court's decision classifying certain vehicles appellant purchased after the marriage termination date as marital property.
[4] Appellant's sixth assignment of error has been renumbered as such for purposes of clarity in this opinion. Appellant addressed this as his first assignment of error in the argument section of his merit brief, referencing the trial court's decision in Case No. CA2006-01-004.
[5] The check appellant issued to appellee included a description in the memo area of the check that stated "PAY BOAT, ATTY FEE, ½ ASS." Appellee's attorney requested that the check be reissued without a notation of what the check was for, other than "partial payment on divorce obligations."
[6] In sustaining appellant's objection, the trial court also noted that the magistrate incorrectly found the child at issue with respect to the allergy treatment to be Alison rather than Elliot. Accordingly, in its decision, the trial court clarified that the child at issue was, in fact, Elliot. *Page 1