[Cite as *Clarkwestern Dietrich Bldg. Sys., L.L.C. v. Certified Steel Stud Assn.*, 2017-Ohio-8129.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| CLARKWESTERN DIETRICH BUILDING SYSTEMS, LLC, | : | CASE NO. CA2017-04-040 |
| | : | |
| Plaintiff-Appellee, | : | O P I N I O N<br>10/9/2017 |
| | : | |
| - vs - | : | |
| | : | |
| CERTIFIED STEEL STUD ASSOCIATION, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2013-10-2809

Frost Brown Todd, LLC, Matthew Blickensderfer and Stephen R. Hernick, 3300 Great American Tower, 301 East Fourth Street, Cincinnati, Ohio 45202, for plaintiff-appellee

Cohen & Girgsby, P.C., Anthony Cillo, 625 Liberty Avenue, Pittsburgh, Pennsylvania 15222-3152, for plaintiff-appellee

Faurki Ireland Cox Rhinehart & Dusing P.L.L., D. Jeffrey Ireland, Stephen A. Weigand, Jason W. Palmer, 201 East Fifth Street, Suite 1420, Cincinnati, Ohio 45202, for defendant-appellant

John W. Hust, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Certified Steel Stud Association, Inc. ("the Association"),

appeals a decision of the Butler County Court of Common Pleas granting the motion of plaintiff-appellee, Clarkwestern Dietrich Building Systems LLC, DBA ClarkDietrich, for the appointment of a receiver to investigate and prosecute a cause of action on behalf of the Association.[1]  For the reasons outlined below, we affirm.

{¶ 2}  On October 8, 2013, ClarkDietrich commenced the present case asserting claims in its complaint for violations of the Ohio Deceptive Trade Practices Act and unfair competition, defamation, disparagement, and civil conspiracy.  ClarkDietrich asserted these claims against the Association, and three other later-dismissed defendants.  On September 15, 2015, the matter proceeded to an 11-week jury trial.  Before closing arguments, pursuant to Civ.R. 41(A)(1), ClarkDietrich offered to dismiss all of its claims with prejudice by stipulation.  The Association refused the offer.  Next, ClarkDietrich filed a motion to dismiss its claims with prejudice, pursuant to Civ.R. 41(A)(2), which the Association opposed and the trial court denied.  On November 16, 2015, the jury returned a unanimous verdict in favor of ClarkDietrich, and awarded it $49.5 million, $43 million of which was apportioned to the Association.  The trial court subsequently entered a judgment against the Association in the amount of $43 million.[2]

{¶ 3}  The Association stipulated it has insufficient tangible assets to satisfy the judgment.  ClarkDietrich filed a motion for assignment of the Association's possible breach of fiduciary duty claim against its officers, directors, and agents, based on their decisions to decline ClarkDietrich's offer to dismiss by stipulation, oppose ClarkDietrich's motion to dismiss, and proceed with the case through the jury determination.  The trial court held a

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

2. We note we previously affirmed the decision of the trial court denying the Association's motion for a judgment notwithstanding the verdict, or in the alternative, motion for a new trial.  *See Clarkwestern Dietrich Bldg. Sys., L.L.C. v. Certified Steel Stud Assn., Inc.*, 12th Dist. Butler No. CA2016-06-113, 2017-Ohio-2713.

hearing on the matter, and at the suggestion of the trial court, ClarkDietrich withdrew its motion for assignment and filed a motion for the appointment of a receiver. On March 29, 2017, over the Association's objection, the trial court appointed a receiver "to investigate and, if he determines it to be appropriate, bring, prosecute, and manage claims against [the Association's] officers, directors and agents arising from the decisions to reject ClarkDietrich's settlement offer and oppose ClarkDietrich's motion to dismiss."[3]

{¶ 4} The Association timely appealed the trial court's decision, raising two assignments of error for appeal. For ease of discussion, the assignments of error will be addressed together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE COURT ERRED IN APPOINTING A RECEIVER OVER UNASSERTED AND UNFILED CAUSES OF ACTION.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE COURT ERRED IN APPOINTING A RECEIVER DESPITE CLARKDIETRICH'S FAILURE TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT APPOINTMENT IS PROPER.

{¶ 9} In its two assignments of error, the Association asserts the trial court erred in appointing a receiver to investigate and prosecute an unasserted cause of action because it was not statutorily authorized to do so. The Association further contends the trial court erred in appointing a receiver because ClarkDietrich failed to meet its burden of demonstrating a receiver is appropriate and necessary by clear and convincing evidence. We disagree with the Association's claims.

---

3. We note that during the pendency of these proceedings, an officer for the Association filed a declaratory judgment action in Delaware, seeking a determination of whether he breached his fiduciary duties to the Association.

{¶ 10} A trial court has the authority to appoint receivers pursuant to R.C. 2735.01. *Fifth Third Bank v. Q.W.V. Properties, L.L.C.*, 12th Dist. Butler No. CA2010-09-245, 2011-Ohio-4341, ¶ 17. "R.C. 2735.01 is a procedural statute and is to be liberally construed." *State ex rel. Petro v. Gold*, 10th Dist. Franklin Nos. 04AP-863 and 04AP-873, 2006-Ohio-943, ¶ 66.

{¶ 11} The decision to appoint a receiver is left to the sound discretion of the trial court. *TD Ltd., L.L.C. v. Dudley*, 12th Dist. Butler No. CA2014-01-009, 2014-Ohio-3996, ¶ 25. "Because the trial court is in a better position to evaluate all the facts and circumstances, an appellate court should give due deference to the trial court's factual findings and limit its review to the narrow question of whether the court abused its sound judicial discretion." *In re Dissolution of Madison County Health Group*, 12th Dist. Madison No. CA98-03-012, 1998 Ohio App. LEXIS 5177, *10 (Nov. 2, 1998). This is especially important in a discretionary decision made by the trial court concerning a complicated matter with which it had intimate working knowledge. *Id.* An abuse of discretion is more than an error of law or judgment; rather, it suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Park Natl. Bank v. Cattani, Inc.*, 187 Ohio App.3d 186, 2010-Ohio-1291, ¶ 14 (12th Dist.).

{¶ 12} The primary purpose of a receiver is to carry out orders of the court. *Id.* at ¶ 10. R.C. 2735.01(A) provides that a receiver may be appointed by the court of common pleas or a judge thereof in his or her county, in the following cases:

> (1) In an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject property or a fund to the creditor's claim, or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds of the property or fund, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;
>
> (2) In an action by a mortgagee, for the foreclosure of the mortgagee's mortgage and sale of the mortgaged property, when

it appears that the mortgaged property is in danger of being lost, removed, materially injured, diminished in value, or squandered, or that the condition of the mortgage has not been performed, and either of the following applies:

(a) The property is probably insufficient to discharge the mortgage debt.

(b) The mortgagor has consented in writing to the appointment of a receiver.

(3) To enforce a contractual assignment of rents and leases;

(4) After judgment, to carry the judgment into effect;

(5) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment;

(6) When a corporation, limited liability company, partnership, limited partnership, or other entity has been dissolved, is insolvent, is in imminent danger of insolvency, or has forfeited its corporate, limited liability company, partnership, limited partnership, or other entity rights;

(7) In all other cases in which receivers have been appointed by the usages of equity.

{¶ 13} Pursuant to R.C. 2735.04(B)(1) and (8), the trial court is authorized to empower the receiver to "[b]ring and defend actions in the receiver's own name" and "[g]enerally do any other acts that the court authorizes."  Therefore, "'R.C. Chapter 2735 does not contain any restrictions on what the court may authorize when it issues orders regarding receivership property.'" *Fifth Third Bank* at ¶ 18, quoting *Quill v. Troutman Ent., Inc.*, 2d Dist. Montgomery No. 20536, 2005-Ohio-2020, ¶ 34.  Further, the Ohio Supreme Court has "interpret[ed] th[e] statute as enabling the trial court to exercise its judicial discretion to limit or expand a receiver's powers as it deems appropriate." *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74 (1991).

{¶ 14} The trial court appointed a receiver to investigate and prosecute claims against

- 5 -

directors, officers, and agents of the Association for breach of fiduciary duty in order to satisfy ClarkDietrich's judgment. R.C. 2735.01(4) and (5) specifically authorize a trial court to appoint a receiver to carry the judgment into effect and to dispose of and preserve property to satisfy the judgment. Additionally, R.C. 2735.04 specifically empowers a trial court to authorize a receiver to bring actions in the receiver's own name as well as generally to do any other acts authorized by the court. *See, e.g.*, *Bobb v. Marchant*, 14 Ohio St.3d 1, 3 (1984) (holding receivers are authorized to sue officers pursuant to R.C. 2735.04).

{¶ 15} The Association contends ClarkDietrich failed to demonstrate the existence of specific property for which the receiver was sought; therefore, the trial court appointed the receiver for the sole purpose of securing evidence and not bringing forward a claim. Contrary to the Association's claim otherwise, the trial court did not appoint the receiver to determine if a claim exists. Rather, the trial court found a potential claim for breach of fiduciary duty exists based on the evidence presented. In turn, the appointment of the receiver was necessary to develop and prosecute this claim. The trial court stated in its entry the Association "possesses 'property' in the form of potentially viable claims and choses in actions that may be used to satisfy the judgment against it * * *, including but not limited to a cause of action against Directors, Officers or Agents of [the Association] for breach of fiduciary duty to [the Association]." *See Edwards v. Edwards*, 12th Dist. Warren No. CA2006-04-044, 2007-Ohio-123, ¶ 14 (stating the holder of a claim possesses property).

{¶ 16} Thus, the Association's contention fails to distinguish between appointing a receiver to search out any relevant claims, as compared to developing and prosecuting an already identified claim. *Compare Schultze v. Schultze*, 5 Ohio App.2d 261, 263 (2d Dist.1964) (holding trial court abused its discretion in appointing receiver to secure evidence based on feeling of misrepresented earnings), *with State ex rel. Petro v. Gold*, 10th Dist. Franklin Nos. 04AP-863 and 04AP-873, 2006-Ohio-943, ¶ 67-69 (finding trial court did not

abuse its discretion in appointing receiver to determine the amount of charitable contributions misappropriated where necessary to effectuate goal of asserting claim). The association's claim otherwise lacks merit.

{¶ 17} The Association further contends the trial court's decision to empower the receiver to prosecute the possible breach of fiduciary duty claim is analogous to a First District holding that found "[i]n considering a creditor's bill, or any other remedy in aid of execution upon a judgment, the trial court does not have the authority to allow the judgment creditor to usurp prosecution of a chose in action belonging to the judgment debtor * * *." *Lakeshore Motor Freight v. Glenway Industries, Inc.*, 2 Ohio App.3d 8 (1st Dist.1981), paragraph three of the syllabus. However, *Lakeshore* is distinguishable from the present case because it involved prosecution by a judgment creditor of a claim "to become due," as compared to being "confronted with faithless or fraudulent debtors" which "permits a court, exercising its equitable powers, to appoint a receiver of the debtor's property who may then assume the burden of prosecuting the debtor's chose in action." *Id.* at 9, n.2.

{¶ 18} Likewise, the Eighth District's opinion in *Sullivans, Inc. v. Haehn*, 8th Dist. Cuyahoga No. 100150, 2014-Ohio-399, provides little guidance to the facts before this court. Contrary to the Association's claim, *Sullivans* does not stand for the proposition that a receiver cannot be appointed to investigate and prosecute causes of action. Rather, the Eighth District found the trial court did not abuse its discretion in denying a judgment creditor's motion for a receiver "to stand in the shoes" of a judgment debtor in order to accelerate a note "due and owing" from a third party. *Id.* at ¶ 15. The opinion in *Sullivans* follows the guidance of *Lakeshore*, and similarly, was not confronted with the possibility of faithless or fraudulent debtors. Therefore, the Eighth District found the trial court's discretionary decision not to appoint a receiver did not constitute an abuse of discretion. Accordingly, based on the facts and circumstances in this case, the trial court had statutory

authorization to appoint a receiver and the authority to empower the receiver to investigate and prosecute the claims. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74 (1991) (holding trial court did not abuse its discretion in empowering receiver to perform actions specifically enumerated in R.C. 2735.04).

{¶ 19} The Association further argues that the trial court's appointment of a receiver to investigate and prosecute the breach of fiduciary duty claim "threatens to violate the receiver's core characteristic of neutrality * * * [b]y conditioning further payment to the receiver on the receiver's finding of a claim to ultimately pursue[;]" thus, "the receiver is placed in a position that creates the appearance of impropriety * * *." The Association correctly asserts that a receiver must be a disinterested party pursuant to R.C. 2735.02. However, the Association fails to identify how the appointed receiver does not meet such requirement under the statute. The mere fact that the receiver is compensated based on the amount of work he completes does not effectuate impropriety. A receiver is "an officer of the court and at all time subject to its order and direction." *Park Natl. Bank v. Cattani, Inc.*, 187 Ohio App.3d 186, 2010-Ohio-1291, ¶ 10 (12th Dist.). Thus, the receiver's primary purpose is to carry out the orders of the appointing court. *Id.* In the event the receiver fails to competently and efficiently carry out these orders, the appointing court may remove the receiver. Absent any basis in the record, the Association's argument the receiver will act outside the court's orders for personal financial gain is merely speculative and not well-taken.

{¶ 20} Next, the Association contends the trial court further erred in appointing a receiver because ClarkDietrich failed to demonstrate such appointment was appropriate and necessary by clear and convincing evidence. In so doing, the Association asserts ClarkDietrich failed to present evidence that a viable breach of fiduciary duty claim existed and that the appointment was necessary to protect its rights. We find no merit to the Association's claim.

{¶ 21} The authority to appoint a receiver is "'an extraordinary, drastic and sometimes harsh power which equity possesses.'" *TD Ltd., L.L.C. v. Dudley*, 12th Dist. Butler No. CA2014-01-009, 2014-Ohio-3996, ¶ 25, quoting *Hoiles v. Watkins*, 117 Ohio St. 165, 174 (1927). "Because the appointment of a receiver is such an extraordinary remedy, the party requesting the receivership must show by clear and convincing evidence that the appointment is necessary for the preservation of the complainant's rights." *2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995, ¶ 14.

{¶ 22} The trial court weighed the evidence presented to find that ClarkDietrich met its burden by clear and convincing evidence that the appointment of a receiver was appropriate and necessary to investigate and prosecute the Association's claims against its directors, officers, and agents, for breach of their fiduciary duties. The trial court journalized its finding ClarkDietrich met this burden and that the trial court based such finding on the following evidence: (1) ClarkDietrich's settlements with the other three defendants prior to trial, leaving the Association as the sole remaining defendant, (2) the Association's refusal of ClarkDietrich's offer to dismiss all claims against it with prejudice by stipulation, (3) the Association's opposition to ClarkDietrich's motion to dismiss all its claims against it, (4) the Association's opposition to dismissal despite a clear insufficiency in tangible assets to satisfy a possible large judgment, (5) Association officer Chip Gardner's declaratory judgment action in Delaware seeking a declaration that he did not breach his fiduciary duty to the Association, and (6) the possibilities of lost evidence, witness unavailability, and barring of claims by the statute of limitations, without appointing a receiver to pursue such claims, as there was no evidence the Association had taken any steps to investigate or prosecute them.

{¶ 23} Based on this evidence, the trial court found that the appointment of a receiver was necessary to give ClarkDietrich an opportunity to collect upon its judgment. Furthermore, contrary to the Association's claim, the trial court was not statutorily required to

find ClarkDietrich presented clear and convincing evidence that a breach of fiduciary duty claim would be successful. Rather, ClarkDietrich was required to present clear and convincing evidence to support the trial court's discretionary decision that the appointment of a receiver was appropriate and necessary.

{¶ 24} Collectively, the evidence presented before the trial court demonstrates it did not abuse its discretion in finding ClarkDietrich met its evidentiary burden. As discussed above, ClarkDietrich presented evidence supporting the trial court's finding that the Association possessed property in the form of a potentially viable breach of fiduciary duty claim against its directors, officers, and agents. Despite two opportunities presented by ClarkDietrich to resolve the case before it was submitted to the jury, the Association made the decision to oppose dismissal. Moreover, the Association made this decision knowing of the prior settlements and its own inability to satisfy a possible large judgment, as it later stipulated that it had insufficient tangible assets to satisfy the $43 million judgment against it. Additionally, an officer for the Association filed his own declaratory judgment action in Delaware to have a determination made whether he breached his fiduciary duty to the Association.

{¶ 25} Outside of the declaratory judgment action, the record does not contain any evidence indicating further investigation over the last two years into a possible breach of fiduciary duty by the Association's directors, officers, and agents, thereby providing further support for the trial court's finding that without the appointment of a receiver, the breach of fiduciary duty claims could lapse, evidence could be lost, witnesses could become unavailable, and memories could fade. Therefore, the trial court did not abuse its discretion in finding it was appropriate and necessary to appoint a receiver to investigate and prosecute such claims. Accordingly, the Association's assignments of error are overruled.

{¶ 26} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.